E-FILED
Thursday, 09 June 2005 11:41:53 AM
Clerk, U.S. District Court, ILCD

JUN - 9 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

Mark L. Neff, )
    Petitioner, )
)
vs. )    CASE NUMBER: 91-CR-30043-001
)
UNITED STATES OF AMERICA, )
    RESPONDENT. )

**MOTION TO MODIFY SENTENCE UNDER 18 USC 3582**

Comes now, Mark L. Neff, Petitioner, Pro-Se, and moves this Honorable Court under Section 3582 to modify his sentence due to Amendments 674 and 591 implementated by the United States Sentencing Commission.

    Petitioner hereby states that these new Amendments[674 & 591] apply directly to the instant case and moves this Honorable Court to grant this motion under the following grounds:

1. Petitioner was sentenced as an Armed Career Criminal and was sentenced at Base Level 33 and Criminal History IV. See Exhibit 1.

2. Petitioner's attorney, Thomas Iben, objected to this enhancement at the sentencing hearing. See Exhibit 1.

3. Amendment 674 for U.S.S.G. §4B1.14(b)(3)(a) clearly states that "As stated by the Commission 'In such cases do not enhance the offense under U.S.S.G. §4B1.4(b)(3)(a) to Offense Level 34, enhance only to Offense Level 33; also do not increase the Criminal History Category to VI, increase it only to Category IV'."

4. Petitioner states that Amendment 591 of the Sentencing Guidelines clearly brings up the issue of prior sentencing. And stated that 18 USC 3582(c)(2) §1B1.10 of the Sentencing Guidelines provides that, "where the guideline Range applic-

able to a defendant has subsequently been lowered as a result of an Amendment listed in subsection (c),a reduction is authorized under 3582 (c)(2). U.S. Sentencing Guideline Manual §1B1.10(2003).

Amendment 674 is of this nature and fits the instant case and requirements for a modification of Petitioner's sentence.

## CONCLUSION

Petitioner,Mark L.Neff,now moves this Honorable Court to grant this Motion. Petitioner also moves this Court to Appoint Counsel to represent him in this matter to protect his rights at a hearing set for resentencing.

Respectfully submitted,

*Mark L. Neff*
Mark L.Neff, pro-se.

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy to the Clerk's Office,located in Peoria,Illinois,for service upon the Respondent by placing it in the U.S.Mails,Postage pre-paid, on this 05 day of June ,2005.

*Mark L. Neff*
Mark L.Neff #09244-026
FCI-Greenville,P.O.Box 5000
Greenville,ILL 62446-5000

AO 245 S (Rev. 4/90)(ILC. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Central District of Illinois

FILED
AUG 5 1994
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

v.

Case Number CR 91-30043-01

MARK L NEFF
Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, MARK L NEFF, was represented by Thomas Iben.

The defendant was found guilty on count(s) 1 after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:922(g)(1) & 924(e)(1) | Possession of a firearm by a felon | 4/25/91 | 1 |

As pronounced on 08/05/94, the defendant is sentenced as provided in pages 2 through 8 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 50.00, for count(s) 1, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 5th day of August, 1994.

*/s/ Michael M. Mihm*
MICHAEL M. MIHM
Chief U S District Judge

EXHIBIT 1 (pages 1,2 and 4)

M. WATERS, CLERK
*/s/ Connie Lambie*
DEPUTY CLERK
DISTRICT COURT
DISTRICT OF ILLINOIS

Defendant's SSAN:
Defendant's Date of Birth:
Defendant's address: IN CUSTODY

AO 245 S (Rev. 4/90)(ILC. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 8

Defendant: MARK L NEFF
Case Number: CR 91-30043-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 252 months on Count one (1) to run concurrent with the remaining undischarged term of imprisonment in Broome County, NY, Case #91-216.

The Court makes the following recommendations to the Bureau of Prisons: 1) Defendant be located as close to Peoria, Illinois as possible.

The defendant is remanded to the custody of the United States Marshal.

### RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 4/90)(ILC. rev.) Sheet 7 - Statement of Reasons

Judgment--Page 4 of 8

Defendant: MARK L NEFF
Case Number: CR 91-30043-01

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**
Total Offense Level:           33
Criminal History Category:     V
Imprisonment Range:            210 months to 262 months
Supervised Release Range:      3 to 5 years
Fine Range:                    $ 17,500 to $ 175,000
Restitution:                   $ N/A

Fine is waived because of Defendant's inability to pay.
The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s): The Defendant is truly a career criminal. Minimum of sentencing range is adequate to punish defendant and protect the community.

## ADDENDUM TO THE PRESENTENCE REPORT

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS
UNITED STATES v. MARK L. NEFF, DKT. NO. 91-30043-001**

This Addendum fairly states any objections that have not been resolved.

### OBJECTIONS

#### By the Government

By letter dated July 7, 1994, Assistant U.S. Attorney Esteban Sanchez indicated one objection to the Presentence Report, which has been resolved.

#### By the Defendant

I. <u>Reference Page 6 and Page 11, Paragraphs 26 and 35</u>

   A. The Defendant contends that his 5/1/89 Attempted Burglary conviction, 3 counts, in Erie County, N.Y., are not ACCA qualified since attempt burglary is not a specifically enumerated crime of violence under 18 U.S.C.A. 924(e)(e)(B)(ii) and defendant denies that a plea and conviction of attempted burglary under New York law necessarily establishes a conviction for an offense involving use or threatened use of force. Contrary to Paragraph #35, Defendant was not convicted of burglarizing residences. Erie County, N.Y. records show that, although the Defendant was indicted for burglary in the second degree, an ACCA qualifying offense because it involves an actual entry of a dwelling, he, in fact, plead to and was convicted of attempt only. The categorical approach set forth in <u>U.S. v. Taylor</u>, 495 U.S. 575 (1990) limits the court's inquiry as to qualification to the statutory definition of the prior offense and the Defendant is entitled to the benefit from his plea bargain unless the offense statutory is sufficiently narrow to necessarily involve the risk of force, without inquiry into his actual underlying conduct. Defendant contends that it is the government's obligation to prove a qualifying prior sentence enhancement when he denied it.

   B. The defendant contends that his three convictions for Attempted Burglary in Erie County, New York cannot be used for enhancement purposes of the Armed Career Criminal provision due to the fact that the convictions

page 6 of 8.
91-30043
Re: NEFF, Mark L.

were for Attempted Burglary rather than Burglary as originally charged. The defendant contends that the convictions for "Attempt" does not qualify for enhancement purposes because Attempted Burglary is not a crime of violence.

The definition of the term violent felony includes any crime that is "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(1). Prior to the November 1, 1991, amendment to Note 2, several circuits held that the factual circumstances underlying an offense could be considered. See U.S. v. Terry, 900 F.2d 1039, 1042-43 (7th Cir. 1990).

The conduct the defendant engaged in, attempted burglary, involves conduct that presented a serious potential risk of physical injury to another. The risk was to both the victims of the burglaries and to the law enforcement officers who apprehended the defendant in the victim's house. The risk of injury to another is inherent in this type of crime.

In addition, it would appear that the New York statute defining Attempted Burglary is narrowly written, and to prove the offense of Attempted Burglary, the offense of Burglary will also be proved. See People v. Mahboubian, 544 N.Y.S.2d 769 (Ct.App. 1989)(burglary is in fact a form of attempt crime, since the crime the unlawful intruder intended to commit need not be completed...); People v. Gaines, 547 N.Y.S.2d 620 (Ct.App. 1989); People v. Colp, 537 N.Y.S.2d 715 (A.D.4 Dept. 1989); and, People v. Barnes, Ct.App., 429 N.Y.S.2d 178).

### Court's Findings

1. [X] Court adopts probation officer's position.

2. [X] Court adopts Government's position.

3. [ ] Court adopts defendant's position.

4. [X] Other: _△ was not apprehended in the house, but was ∆ in the house when the owner came home._

II. Reference Page 10, Paragraph 34

A. Defendant denied that any of his 7/31/84 Illinois burglary counts or his 5/1/89 New York Attempted Burglary

21

Counts should be counted separately for purposes of ACCA because they did not involve separate incidents and that he therefore does not have three or more violent burglary convictions.

    B. All of these convictions, a total of five (two in Illinois and three in New York) were committed on different occasions and were separate incidents. What matters under U.S.S.G. § 924(e) is whether three violent felonies were committed on different occasions. Whether or not they are considered "related cases" under U.S.S.G. § 4A1.2 is irrelevant. See U.S. v. Medina-Gutierrez, 980 F.2d 980, 982-83 (5th Cir. 1992; U.S. v. Maxey, 989 F.2d 303, 308 (9th Cir. 1993).

### Court's Findings

1. [X] Court adopts probation officer's position.

2. [X] Court adopts Government's position.

3. [ ] Court adopts defendant's position.

4. [ ] Other: _____

 

III.      Reference Page 11, Paragraph 35

    A. Defendant may also claim that his 5/1/89 Erie County, N.Y. Attempted Burglary conviction is constitutionally infirm because he was not presented with a charging instrument informing him of the nature of the changes.

    B. The defendant contends that his conviction in New York for Attempted Burglary is constitutionally infirm. The defendant is collaterally attacking a prior conviction. The defendant may not collaterally attack his prior state conviction at sentencing unless that conviction is presumptively void. See U.S. v. Mitchell, No. 92-3903 (7th Cir. Feb. 23, 1994). The defendant states he was not provided a copy of the charging instrument during his New York case. However, the defendant pleaded guilty to a lesser included offense of Attempted Burglary pursuant to plea negioations and his plea was taken by the court. It would appear that this conviction is not "presemptively void." The burden shifts to the defendant

22

not constitutionally adequate.  See U.S. v. Boyer, 931 F.2d 1201, 1204 (7th Cir. 1991).

### Court's Findings

1. [X] Court adopts probation officer's position.

2. [X] Court adopts Government's position.

3. [ ] Court adopts defendant's position.

4. [ ] Other: _____

_____

Respectfully submitted,

*Cathy Bowman*
Cathy Bowman
U.S. Probation Officer

MCB/vr

Reviewed and Approved:

*Hal Langenbahn*
Hal Langenbahn
Supervising U.S. Probation Officer
Date:  July 22, 1994

The Court adopts the above-listed findings on *August 5, 1994*

*Michael M. Mihm*
Honorable Michael M. Mihm
Chief U.S. District Judge

23

June 05, 2005

Dear Clerk,

Please find enclosed, the original and one (1) copy for the U.S. Attorney, my Motion that I would like filed.

Thank you for your assistance.

Respectfully,

Mark L. Neff

Mark L. Neff 09244-026
FCI-Greenville, P.O. Box 5000
Greenville, Ill. 62246-5000