IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 91-30043 |
| ) | |
| MARK L. NEFF, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO DEFENDANT'S MOTION TO MODIFY SENTENCE**

The United States of America, by its attorneys, Jan Paul Miller, United States Attorney for the Central District of Illinois, and Assistant United States Attorney Esteban F. Sanchez, objects to the defendant's Motion to Modify Sentence, and states:

1. On August 5, 1994, Judge Mihm sentenced the defendant to a term of 252 months imprisonment after being found guilty for possession of a firearm by a felon under 18 U.S.C. § 922(g)(1) and sentenced under § 924(e)(1) (armed career criminal). The defendant was classified as a career offender under USSG § 4B1.4 and had an offense level of 33 and a criminal history category of V, which carried a guideline range of 210-262 months. The defendant now moves for the modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 674 and 591 of the USSG.

2. Section 3582(c)(2) authorizes the sentencing court to modify a sentence if, after the imposition of the sentence, the sentencing range was lowered by the Sentencing

Commission, the court considers factors listed in § 3553(a) and the reduction is consistent with policy statements issued by the Commission.

3. The defendant asserts that the Sentencing Commission lowered the career offender sentencing under § 4B1.4. The defendant's assertions are without merit and not supported by the Sentencing Commission.

4. The defendant contends Amendment 674 to § 4B1.4, found in USSG App. C, applies in the instant case. However, Amendment 674 only applies to offenses in which the defendant was neither charged nor convicted. The Amendment deals with convictions under 18 U.S.C. §§§ 844(h), 924(c) or 929(a). The defendant was convicted for violating the provisions of § 922(g)(1) and was sentenced under § 924(e)(1). The statutory provisions for which the defendant was convicted were not affected by Amendment 674.

5. The defendant also alleges Amendments 591 and 674 to § 1B1.10, found in USSG App. C, are applicable. Although §1B1.10(c) provides a list of amendments that are covered by the policy statement regarding reduction of imprisonment, and Amendment 591 is enumerated in the list, Amendment 591 does not apply to the instant case because it does not address the offense for which the defendant was charged and convicted. In addition, Amendment 674 is not applicable because it is not enumerated as one of the amendments covered by the policy statement.

WHEREFORE, it is requested that the defendant's Motion to Modify Sentence be denied.

                Respectfully Submitted,

                JAN PAUL MILLER
                UNITED STATES ATTORNEY

By:    s/Esteban F. Sanchez
        Esteban F. Sanchez
        Assistant United States Attorney
        Illinois Bar No. 3123604
        318 South 6th Street
        Springfield, IL 62701
        Telephone: (217) 492-4450
        esteban.sanchez@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Thomas Iben

I hereby certify that on July 28, 2005, I mailed the foregoing by United States Postal Service to the following non-CM/ECF participants:

    Mark Neff
    #09244-026
    FCI-Greenville
    P. O. Box 5000
    Greenville, IL 62446-5000

            s/Esteban F. Sanchez
            Esteban F. Sanchez
            Assistant United States Attorney
            Illinois Bar No. 3123604
            318 South 6th Street
            Springfield, IL 62701
            Telephone: (217) 492-4450
            esteban.sanchez@usdoj.gov