E-FILED
Friday, 05 August, 2005 11:40:15 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

Mark L. Neff,
    Petitioner,

v.     Case No. 91-30043-001

UNITED STATES OF AMERICA,
    Respondent.

FILED
AUG - 5 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**PETITONERS RESPONSE TO THE GOVERNMENTS OPPOSITION TO PETITIONERS MOTION FOR MODIFICATION OF SENTENCE UNDER 18 USC §3582**

Comes now, Mark L. Neff, Petitioner, Pro-Se, and states in response to the Respondent's motion in opposition for a modification of the sentence under §3582(c)(2):

Petitioner concedes that the government has accurately stated the procedural history of the case to date, however, the assumption that the amendments cited by the Petitioner do not apply is a mistaken assumption.

The Sentencing Guidelines(guidelines) address guideline amendments in 1B1.10 entitled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range(Policy Statement) which provides:

> (a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 USC §3582(c)(2). <u>If none of the amendments listed in subsection (c) is applicable</u>, a reduction in the defendant's term of imprisonment under 18 USC §3582(c)(2) is not consistent with this policy statement and thus is not authorized. (emphasis added).

Amendment 591 is listed in subsection (c) of the policy statement. See USSG Appendix C, Amendment 607(amending USSG §1B1.10(c) to include Amendment 591). By it's incorporation into subsection (c), it is retroactive.

Amendment 591 became effective on Nov.1,2000,and it revised §1B1.1,§1B1.2,the Application Note to 1B1.2,and the Introduction to the Statutory Index(Appendix A),stating,inter alia,'This index specifies the offense guideline section(s) in Chapter Two(Offense Conduct) applicable to the statute of conviction.'

One result of this amendment is the Court's requirement,with certain exceptions,to use the applicable offense guideline listed in the Statutory Index.

Petitioner states that the intent and clarifying nature of Amendment 591 has application in the instant case as it informs the sentencing court where to go when applying the guidelines to a statutory conviction.

In the instant case,the sentencing court applied §924(e) to the sentence and the applicable guideline then was found at §4B1.4(b)(3)(A). The court was instructed what the Base Offense Level was and what the Criminal History category was.

Nov.1,2004,the Sentencing Commission enacted Amendment 674. The intent is very clear. It's enactment was to stop a double-counting issue and to now clarify what the Base Offense Level is to be and what the Criminal History category is to be.(See Exhibit 1.)

Petitioner states that circuits have addressed the issue of whether an amendment is of a substantive nature or a clarifying nature. See USSG §1B1.11(b)(2).

A defendant sentenced under one version of the Guidelines may be given the benefit of a later revision if the revision merely clarifies, rather than substantively changes,the Sentencing Commission's earlier intent.; In Isobel v US,980 F.2d 60,62(1st Cir.1992),the court held, 'due weight should be given to the Commission's view not merely as the drafter of the guideline and the amendment but as the expert entity with

-2-

on going responsibility for clarifying and amending the guidelines.'

The Sentencing Commission, in enacting Amendment 674, clarified to the courts how to apply §4B1.4(b)(3)(A). The amendment eliminates a double-counting issue and clarifies that for a defendant who faces a conviction for a violation of 18 USC §924(c) and 18 USC §922(g) and meet the requirements for enhanced punishment under the Armed Career Criminal Act, 18 USC §924(e), The Commission stated, "In such cases, do not enhance the Offense Level under USSG §4B1.4(b)(3)(A) to Offense Level 34, enhance it only to Offense Level 33; also do not increase the Criminal History category to VI, increase it only to category IV." See Exhibit 1.

This amendment [674] clarifies the intent of the Commission's determination in what the Base Offense Level and Criminal History category is now to be, because prior to the enactment of this amendment, defendants were being incorrectly sentenced under §4B1.4(b)(3)(A). In US v Torres-Aquino, 334 F.3d 939 (11th Cir. 2003), the court specifically held that,

> "The question whether an amendment to the guidelines is clarifying or substantive goes to whether a defendant was correctly sentenced in the first place, not to whether a correct sentence has subsequently been reduced by an amendment to the guidelines and can be modified in a proceeding under §3582(c)(2)."

Amendment 591 was specifically made retro-active by the Sentencing Commission and stated that it was intended to "clarify the inter-relationship among these provisions.

Amendment 674 clarifies what the applicable Guideline Range is now for §4B1.4(b)(3)(A). This amendment effectuates a clarification of the intent of the Commission in directing the court(s) who contemplates a sentence under this Guideline. Prior to this amendment, defendants were being sentenced incorrectly and this amendment would cure the defect in the sentence, both prior and to date.

-3-

See Isobel, supra.

Petitioner is **currently sentenced outside** the applicable guideline range, as now amended by the Commission due to the existing issue of double-counting. Petitioner now seeks a modification of his sentence in accord with the Commissions' intent in Amendment 674.

## IN CONCLUSION

The governments assumption is that Petitioner in not entitled to the benefits of either of these two amendments enacted by the Sentencing Commission. The assumption is wholly outside the intention of why the Commission enacted these two amendments in the first place. There existed problems that needed clarified to the court(s) and through these amendments, these problems were cured.

Petitioner states that the intent of these amendments nature of clarifying soundly state that they are applicable to the instant case and now urges this Honorable Court to apply them under the authority now vested in the Court under §3582(c)(2) and modify the sentence in accordance with the Commission's[intention and clarification]Policy Statements, Guidelines and Application Notes now in effect.

Petitioner is not seeking the vacatur of the conviction, but, rather, seeks to have the sentence modified, under §3582(c)(2), due to the Sentencing Commission's enactment of Amendments 591 and 674(effective Nov.1,2000 and Nov.1,2004). 18 USC §3553(a), which provides, inter-alia, that in determining the applicable sentence, the court shall consider:

> "...any pertinent policy statement issued by the Sentencing Commission[§3553(a)(5)]."

Petitioner's sentence is based on §924(e),§4B1.4 of the Guidelines, and since the Commission has now clarified its intent through two amendments[591 & 674] in directing the sentencing court in the application of

-4-

of the applicable guideline for a statutory conviction, Petitioner urges this Honorable Court to use its authority under §3582(c)(2), pursuant to Amendments 591 and 674, and modify the sentence in accord with the now enacted amendments that clarify the intention of the Commissions' Policy Statements.

Petitioner would like to state that he does agree with the AUSA when he stated that Petitioner was not charged or convicted of the offense(s) listed in Amendment 674, See Exhibit 2, but, Petitioner's sentence is based on the Offense listed in Amendment 674[§924(e);§4B1.4(b)(3)(A)] and, therefore, the government must concede that the Offense of conviction for this Petitioner is §922(g);§2K2.1, yet, since the sentence is imposed under §4B1.4(b)(3)(A), both of these amendments are applicable to the instant case. See Exhibit 3.

Petitioner requests this Honorable Court to GRANT this motion and to modify the sentence in accord with the applicable guideline range and to Appoint Counsel to represent him at a hearing set for resentencing.

/s/ Mark L. Neff, Pro-Se.

### Certificate of Service

I hereby certify that I have mailed, by the U.S.mails, Postage Pre-Paid, First Class, this document to: AUSA ESTEBAN F. SANCHEZ 318 South 6Th. Street Springfield, Ill. 62701-1806

on this 2nd day of August, 2005,

/s/ Mark L. Neff 09244-026
P.O. Box 5000
Greenville, Ill 62246-5000

-5-

... it is not clear that ... pending amendment ... departure. *See, e.g., ... relli*, 169 F.3d 798, ... 1999) ("proposed ... the Sentencing ... provide independent ... downward departure..."); *United States v. Anderson*, ... Cir. 1996) (pending amendment not a basis ...); *see also* 18 U.S.C. § ... mining whether a circuit ... adequately taken into ... court shall consider ... guidelines, policy ... official commentary of ... Commission.").

... amendments that have a p... affecting the sentence are:

1. U.S.S.G. § 2A2.2 — Aggravated Assault

The offense level for aggravated assault will be increased from offense level ... to offense level 14. This change may ... a reduced sentence, however, ... the amendment, at the same time, proposes to increase the existing enhancements for bodily injury and also adopts new enhancements.

2. U.S.S.G. § 2D1.1, comment. (n. 12) — Sting Operations

Resolving a circuit conflict with respect to reverse drug stings, the new amendment makes clear that the court shall exclude from the offense level determination the amount of the controlled substance, if any, that the defendant establishes that he or she did not intend to provide or purchase, or was not reasonably capable of providing or purchasing, regardless of whether the defendant agreed to be the seller or the buyer of the controlled substance. The amendment addresses a circuit conflict regarding the interpretation of the last sentence of Application Note 12 of §2D1.1, which covers offenses involving an agreement to sell a specific quantity of a controlled substance. *See United States v. Munoz*, 347 F.3d 533 (3rd Cir. 2003) (criticizing language of note); compare *United States v. Gomez*, 103 F.3d 249, 252-53 (2d Cir. 1997) (holding that the last sentence of the note is intended to apply only to sellers); *United States v. Perez de Dios*, 237 F.3d 1192 (10th Cir. 2001) (same); *United States v. Brissami*, 212 F.3d 54, 58 (1st Cir. 2000) (same), with *United States v. Minore*, 40 Fed. Appx. 536, 537 (9th Cir. 2002) (mem. op.) (applying the final sentence of the new Note 12 to a buyer in reverse sting operation); *United States v. Estrada*, 256 F.3d 466, 476 (7th Cir. 2001) (same).

The final sentence to U.S.S.G. § 2D1.1, comment. (n.12), will read:

If, however, the defendant establishes that the defendant did not intend to provide or purchase, or was not reasonably capable of providing or purchasing, the agreed-upon quantity of the controlled substance, the court shall exclude from the offense level determination the amount of controlled substance that the defendant establishes that the defendant did not intend to provide or purchase or was not reasonably capable of providing or purchasing.

3. U.S.S.G. § 2D1.11 — Listed Chemicals

The Commission proposes to extend to defendants convicted of trafficking in listed precursor chemicals, sentenced under U.S.S.G. § 2D1.11, a version of the "Role Cap" that it adopted two years ago.[1] The new amendment uses a new method — similar but not identical to the "role cap" — to address the overstatement of culpability in the drug guidelines. It reduces somewhat the effect of quantity on the offense level by giving greater consideration to the defendant's role in the offense.

At the same time, the Commission used a different method to accomplish a more equitable measure of culpability. The new approach "compresses" rather than "caps" the effect of quantity and provides for a graduated reduction based on the quantity of drugs. As amended, Section 2D1.11(a) will read:

(a) Base Offense Level: The offense level from the Chemical Quantity Table set forth in subsection (d) or (e), as appropriate, except that if (A) the defendant receives an adjustment under §3B1.2 (Mitigating Role); and (B) the base offense level under subsection (e) is

1. level 32, decrease by 2 levels;
2. level 34 or level 36, decrease by 3 levels; or
3. level 38, decrease by 4 levels.

Section 2D1.1(a)(3) will be amended to provide:

Exhibit 1

subsection (c), except that if (A) the defendant receives an adjustment under §3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is (i) level 32, decrease by 2 levels; (ii) level 34 or level 36, decrease by 3 levels; or (iii) level 38, decrease by 4 levels.

4. U.S.S.G. § 4B1.4(b)(3)(A) — Armed Career Criminal Enhancement.

The amendment eliminates a double-counting issue for defendants who face conviction of both a violation of 18 U.S.C. § 924(c) and of 18 U.S.C. § 922(g) and meet the requirements for enhanced punishment under the Armed Career Criminal Act, 18 U.S.C. § 924(e). In such cases, do not enhance the Offense Level under U.S.S.G. § 4B1.4(b)(3)(A) to Offense Level 34, enhance it only to Offense Level 33; also do not increase the Criminal History category to VI, increase it only to category IV.

## Current Application & *Ex Post Facto* Issues

For persons coming up for sentencing, the court must apply the guidelines that are in effect on the date the defendant is sentenced. *See* 18 U.S.C. § 3553(a)(4)(A)(i); U.S.S.G. § 1B1.11. Indeed, on April 30, 2003, Congress amended § 3553(a)(4) to provide that courts must also apply any changes made by Congress, even if not yet incorporated into the official sentencing guidelines. 18 U.S.C. § 3553(a)(4)(A)(i) (courts shall consider the current guidelines "subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28))." PROTECT Act, Pub. L. 108-21, § 401(j)(5).

Notwithstanding this statutory requirement, the *ex post facto* clause in Article 1, § 9, cl. 3 of the United States Constitution prohibits retroactive increases in punishment. *Collins v. Youngblood*, 497 U.S. 37, 42 (1990). Hence, if a court determines that a current guideline, and any applicable amendments, "makes more burdensome the punishment for a crime, after its commission" the court cannot apply the amendments but must instead apply the guideline in effect at the time the offense was committed. *Id.*; *see also* U.S.S.G. § 1B1.11(b)(1).[2] For *ex post facto* purposes, the controlling date is

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JUN 20 1991

JOHN M. WATERS, Clerk
U. S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO. 91-30043 |
| ) | |
| MARK L. NEFF, ) | VIO: Title 18, United States |
| ) | Code, Section 922(g)(1) |
| Defendant. ) | |

## INDICTMENT

The Grand Jury Charges:

That on April 25, 1991, in the Central District of Illinois, the defendant,

**MARK L. NEFF**

knowingly possessed, in or affecting commerce, a firearm being a H. and R., Model 929, 22 caliber revolver after said defendant having been previously convicted of the felony offense of burglary in Greene County, Illinois Circuit Court on August 3, 1984, in #84CF40.

In violation of Title 18, United States Code, Section 922(g)(1).

A TRUE BILL

*Burke*

Foreperson

*J. William Roberts by Byron Cudmore*

J. WILLIAM ROBERTS
United States Attorney

Exhibit 2

AO 245 S (Rev. 4/90)(ILC. rev.) Sheet 1    Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Central District of Illinois

FILED
AUG 5 1994

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

v.

Case Number CR 91-30043-01

MARK L NEFF
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, MARK L NEFF, was represented by Thomas Iben.

The defendant was found guilty on count(s) 1 after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:922(g)(1) & 924(e)(1) | Possession of a firearm by a felon | 4/25/91 | 1 |

As pronounced on 08/05/94, the defendant is sentenced as provided in pages 2 through 8 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 50.00, for count(s) 1, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 5th day of August, 1994.

*[signature]*
MICHAEL M. MIHM
Chief U S District Judge

EXHIBIT 3

Defendant's SSAN:
Defendant's Date of Birth:
Defendant's address: IN CUSTODY

J. M. WATERS, CLERK
BY: *[signature]* Connie Lambie
DEPUTY CLERK
DISTRICT COURT
DISTRICT OF ILLINOIS
8-8-94