**E-FILED**
Friday, 23 September, 2005 02:25:40 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

Mark L.Neff,                     )
          Petitioner,            )
                                 )
v.                               )     Case No.91-30043-001
                                 )
UNITED STATES OF AMERICA,        )
               Respondent.       )

**FILED**

**SEP 2 3 2005**

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

### SUPPLEMENTAL BRIEF TO MOTION TO MODIFY SENTENCE
### UNDER 18 USC §3582

Comes now,Mark L.Neff,Petitioner,Pro-Se,and states the following
in support for this Supplemental Brief:

1.   Petitioner has filed a motion for a modification of his sentence
and said motion is pending resolution before this Honorable Court.

2.   Petitioner now submits this Supplemental Brief because the con-
tent has direct application to the instant motion.

3.   Pursuant to the 1990 USSG Manual[the manual used in this case]
USSG §1B1.1(a) states,inter-alia,'Determine the offense guideline sec-
tion from Chapter Two(Applicable Guidelines). The Statutory Index(App
A) provides a listing to assist in this determination.' See also (b).

§1B1.1(f) states,'Determine the defendant's criminal history cate-
gory as specified in Part A of Chapter Four.'

§1B1.1(g) states,'Determine the guideline range in Part A of Chapter
Five that corresponds to the offense level and criminal history category
determined above.'

4.   §1B1.2 Applicable Guidelines (a) states,inter-alia,'Determine
the offense guideline section in Chapter Two(Offense Conduct) most
applicable to the offense of conviction (i.e.,the offense conduct
charged in the count of the indictment...of which the defendant was

was convicted). USSG Manual 1990 edition.

5. Pursuant to the 1990 Manual,it states that in determining prior convictions under §4A1.1(a),3 points are to be assigned for <u>each separate prior conviction</u>.

§4B1.2(3)(B) states,inter-alia,'The term "two prior felony convictions" means...(B) the sentences for at least two of the aforementioned felony convictions are <u>counted separately</u> <u>under the provisions of Part A of this Chapter</u>.

6. The Presentence Report(PSR) states the following under Part B The Defendants Criminal History[See ¶'s 34,35,36,39,and 40].

¶32 lists a conviction from the state of Illinois under Case No.84-CF-40[4 counts consolidated from three Illinois Counties].

This conviction was assigned 3 points pursuant to §4A1.1(a) which states to,'Add 3 points for each prior sentence...'

The PSR assigns 3 points to this conviction under §4A1.1(a) and §4B1.2(3)(B) utilizing the 1990 Guidelines Manual. <u>See</u> ¶34. See Exhibit

¶35 lists a conviction from the state of New York under Case No.88-0358-01[3 counts].

This conviction was determined under §4A1.1(a) and was assigned 3 points. Therefore,this conviction is considered as one conviction under §4A1.1(a) and §4B1.2(3)(B) as defined in the 1990 Guidelines Manual in effect at the time of the offense as charged by indictment. The conviction under ¶34[¶32] is also determined as one conviction under the same provisions as the conviction listed at ¶35.

7. Pursuant to the provisions of §§4A1.1(a) and 4B1.2(3)(B),this Petitioner has two adult convictions classified as violent.

8. The PSR states at ¶26 Chapter Four Enhancements 'Since the defendant is subject to an enhanced sentence under 18 USC §924(e)(1) <u>by</u>

-2-

way of having at least three prior felony convictions, he is an armed
career criminal pursuant to U.S.S.G.§4B1.4(a).(emphasis added).

9.    Petitioner has shown that he has only two prior felony convictions
classified as prior convictions for purposes of §4B1.1, **but,** which do
not subject this Petitioner to an enhanced sentence under the Career
Offenders Statute because the statute of conviction[§922(g)(1)]is not
a crime of violence or a controlled substance offense. See US v White,
997 F.2d 1213,1219(7th Cir.1993).

10.    Petitioner has researched the 1990 Edition of the Guidelines
and has failed to find the statutory offense of 18 USC §924(e)(1) as
referenced in the PSR and its corresponding guideline in the Statutory
Index. See Exhibit 1. The PSR fails to state that the offense of con-
viction,as stated on the Jury' Verdict Form,is for §922(g)(1) and that
this applicable referenced guideline is the determinate guideline in
determining the Base Offense Level,§2K2.1(a)(2).

11.    Petitioner states that the PSR misleads the court and is in error
in the applicable guideline determined to find the Base Offense Level
in this case.

12.    Accordingly,the following is the correct way to apply the correct
applicable guidelines in determining the sentence in this case. See
§3D1.5 and Exhibits 1,2,and 4.

The statute of conviction[as per the jury's verdict]is Title 18 USC
§922(g)(1). The referenced guideline in the the Statutory Index is
§2K2.1. See Exhibit 1,p.3 and Exhibit 2. The PSR is correct in this
determination. See Exhibit 3.

The calculations are as follows:

(i)  §922(g)(1)--statute of conviction;

(ii) §2K2.1(a)(2)--referenced guideline;

   (iii)  §2K2.1(b)(2) provides a 2 Level increase;

   (iv)  Base Offense Level: 12+2=14

   Criminal History Category

   (i)  ¶34--3 points assigned under §§4A1.1(a);4B1.2(3)(B);

   (ii)  ¶35--3 points assigned under §§4A1.1(a);4B1.2(3)(B);

  (iii)  ¶36--3 points assigned under §4A1.1(a);

   (iv)  ¶39--2 points assigned under §4A1.1(d);

    (v)  ¶40--1 point assigned under §4A1.1(e);

   (vi)  Total Criminal History points:12

        According to the Sentencing Table(Chapter Five,Part A),10-12

        criminal history points establish a criminal history of V.;

        Base Offense Level 14

        Criminal History    V

        Guideline Range    33-41 months(See Exhibit 4.)

   These calculations are consistant in both,the 1990 and 2004 editions
of the Guidelines,

## IN CONCLUSION

   Petitioner requests this Honorable Court to accord this Supplemental
Brief as it has direct application in the applicable guideline sentencing
range and now requests this  Honorable Court to apply its vested auth-
ority,under §3582(c)(2) and §1B1.10(c)(2),and to modify the sentence
in accordance with the applicable guideline referenced in the Statutory
Index and in accordance with the Commission's Policy Statements,Guide-
lines,and Application Notes.

   Petitioner states that he is currently sentenced way outside the
applicable guideline range for the statute of conviction and prays this
Honorable Court will GRANT this application for a modification of the
sentence in the interest of justice. Also to Appoint Counsel for repre-

sentation at a hearing set for resentencing or for an evidentiary
hearing to determine the correct guideline sentencing range. See
USSG §3D1.5,1990 Manual;USSG §1B1.11(b)(1),1990 Manual;and Collins
v Youngblood,497 US 37,42(1990)[Article I,§9,cl.3 of the United States
Constitution].

Respectfully submitted,

Dated: FCI Greenhille,Ill.,

Mark L. Neff,Pro-Se.

## CERTIFICATE OF SERVICE

I,Mark L.Neff,hereby certify that,on September 20,2005,a true
and exact copy of the foregoing document was duly mailed to:

AUSA Estaban Sanchez
318 South 6th Street
Springfield,Ill 62701

Dated this 20th day of September,2005.

Mark L. Neff #09244-026
FCI-Greenville,P.O. Box 5000
Greenville,Ill 62246-5000

# FEDERAL
# SENTENCING GUIDELINES
# MANUAL

---

### 1990 EDITION

---

## UNITED STATES SENTENCING COMMISSION

---

### Effective November 1, 1987

*Including*

**November 1, 1989 Amendments to Guidelines
— With Highlights Feature —
Revised Sentencing Worksheets
Criminal Rule Amendments
Table of Cases Applying Guidelines
Revised Model Sentencing Forms**

*The publisher will provide updated revisions of the Federal Sentencing Guidelines, Official Commentaries, and other related materials as issued.*

**ST. PAUL, MINN.
WEST PUBLISHING CO.
1989**

Exhibit 1(5 pages)

# APPENDIX A - STATUTORY INDEX

## INTRODUCTION

This index specifies the guideline section or sections ordinarily applicable to the statute of conviction. If more than one guideline section is referenced for the particular statute, use the guideline most appropriate for the nature of the offense conduct charged in the count of which the defendant was convicted. If, in an atypical case, the guideline section indicated for the statute of conviction is inappropriate because of the particular conduct involved, use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted. (See §1B1.2.)

If the offense involved a conspiracy or an attempt, refer to §2X1.1 as well as the guideline for the substantive offense.

For those offenses not listed in this index, the most analogous guideline is to be applied. (See §2X5.1.)

The guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction. (See §1B1.9.)

Historical Note: Effective November 1, 1987. Amended effective November 1, 1989 (see Appendix C, amendments 296 and 297).

## INDEX

| Statute | Guideline |
| --- | --- |
| 7 U.S.C. § 6 | 2F1.1 |
| 7 U.S.C. § 6b(A) | 2F1.1 |
| 7 U.S.C. § 6b(B) | 2F1.1 |
| 7 U.S.C. § 6b(C) | 2F1.1 |
| 7 U.S.C. § 6c | 2F1.1 |
| 7 U.S.C. § 6h | 2F1.1 |
| 7 U.S.C. § 6o | 2F1.1 |
| 7 U.S.C. § 13(a) | 2B1.1 |
| 7 U.S.C. § 13(b) | 2F1.1 |
| 7 U.S.C. § 13(c) | 2F1.1 |
| 7 U.S.C. § 13(e) | 2F1.2 |
| 7 U.S.C. § 23 | 2F1.1 |
| 7 U.S.C. § 87b | 2N2.1 |
| 7 U.S.C. § 136 | 2Q1.2 |
| 7 U.S.C. § 136j | 2Q1.2 |
| 7 U.S.C. § 136k | 2Q1.2 |
| 7 U.S.C. § 149 | 2N2.1 |

November 1, 1989

# APPENDIX A

| Statute | Guideline |
|---|---|
| 18 U.S.C. § 876 | 2A4.2, 2A6.1, 2B3.2, 2B3.3 |
| 18 U.S.C. § 877 | 2A4.2, 2A6.1, 2B3.2, 2B3.3 |
| 18 U.S.C. § 878(a) | 2A6.1 |
| 18 U.S.C. § 878(b) | 2B3.2 |
| 18 U.S.C. § 879 | 2A6.1 |
| 18 U.S.C. § 892 | 2E2.1 |
| 18 U.S.C. § 893 | 2E2.1 |
| 18 U.S.C. § 894 | 2E2.1 |
| 18 U.S.C. § 911 | 2F1.1, 2L2.2 |
| 18 U.S.C. § 912 | 2J1.4 |
| 18 U.S.C. § 913 | 2J1.4 |
| 18 U.S.C. § 914 | 2F1.1 |
| 18 U.S.C. § 922(a)(1)-(5) | 2K2.3 |
| 18 U.S.C. § 922(a)(6) | 2K2.1 |
| 18 U.S.C. § 922(b)(1)-(3) | 2K2.3 |
| 18 U.S.C. § 922(d) | 2K2.3 |
| 18 U.S.C. § 922(g) | 2K2.1 |
| 18 U.S.C. § 922(h) | 2K2.1 |
| 18 U.S.C. § 922(i) | 2B1.2, 2K2.3 |
| 18 U.S.C. § 922(j) | 2B1.2, 2K2.3 |
| 18 U.S.C. § 922(k) | 2K2.3 |
| 18 U.S.C. § 922(l) | 2K2.3 |
| 18 U.S.C. § 922(n) | 2K2.1 |
| 18 U.S.C. § 923 | 2K2.3 |
| 18 U.S.C. § 924(c) | 2K2.4 |
| 18 U.S.C. § 929(a) | 2K2.4 |
| 18 U.S.C. § 930 | 2K2.5 |
| 18 U.S.C. § 1001 | 2F1.1 |
| 18 U.S.C. § 1002 | 2F1.1 |
| 18 U.S.C. § 1003 | 2B5.1, 2B5.2, 2F1.1 |
| 18 U.S.C. § 1004 | 2F1.1 |
| 18 U.S.C. § 1005 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1006 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1007 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1008 | 2F1.1, 2S1.3 |

November 1, 1989

## SENTENCING GUIDELINES

**§4B1.3.    Criminal Livelihood**

> If the defendant committed an offense as part of a pattern of criminal conduct engaged in as a livelihood, his offense level shall be not less than 13, unless §3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall be not less than 11.

### Commentary

*Application Notes:*

1.  *"Pattern of criminal conduct" means planned criminal acts occurring over a substantial period of time. Such acts may involve a single course of conduct or independent offenses.*

2.  *"Engaged in as a livelihood" means that (1) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law (currently 2,000 times the hourly minimum wage under federal law is $6,700); and (2) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period (e.g., the defendant engaged in criminal conduct rather than regular, legitimate employment; or the defendant's legitimate employment was merely a front for his criminal conduct).*

*Background:  Section 4B1.3 implements 28 U.S.C. § 994(i)(2), which directs the Commission to ensure that the guidelines specify a "substantial term of imprisonment" for a defendant who committed an offense as part of a pattern of criminal conduct from which he derived a substantial portion of his income.*

*Historical Note:  Effective November 1, 1987. Amended effective June 15, 1988 (see Appendix C, amendment 50); November 1, 1989 (see Appendix C, amendment 269).*

November 1, 1989

# TABLE OF CASES

3E1.1 comment—704 F.Supp. 175
3E1.1 comment—710 F.Supp. 1293
3E1.1 note—880 F.2d 612
3E1.2—872 F.2d 735

## CHAPTER FOUR—CRIMINAL HISTORY AND CRIMINAL LIVELIHOOD

### Part A: Criminal History

4A comment—873 F.2d 765
4A1.1—872 F.2d 597
4A1.1—874 F.2d 43
4A1.1—874 F.2d 466
4A1.1—875 F.2d 1110
4A1.1—691 F.Supp. 656
4A1.1—691 F.Supp. 1036
4A1.1—708 F.Supp. 461
4A1.1—712 F.Supp. 707
4A1.1(a)—709 F.Supp. 1064
4A1.1(b)—868 F.2d 698
4A1.1(d)—877 F.2d 251
4A1.1(d)—879 F.2d 811
4A1.1(d)—710 F.Supp. 106
4A1.1(d)—711 F.Supp. 736
4A1.1(d)—716 F.Supp. 1207
4A1.1(e)—877 F.2d 251
4A1.1(e)—879 F.2d 811
4A1.1(e)—710 F.Supp. 106
4A1.1 et seq.—868 F.2d 1541
4A1.1 et seq.—879 F.2d 811
4A1.1 et seq.—684 F.Supp. 1506
4A1.1 et seq.—684 F.Supp. 1535
4A1.1 et seq.—686 F.Supp. 1174
4A1.1 et seq.—709 F.Supp. 908
4A1.1 comment—869 F.2d 822
4A1.1 comment—875 F.2d 1110
4A1.1 comment—879 F.2d 811
4A1.2—868 F.2d 122
4A1.2—879 F.2d 410
4A1.2—694 F.Supp. 1488
4A1.2—709 F.Supp. 908
4A1.2(a)(2)—875 F.2d 1110
4A1.2(c)(2)—871 F.2d 513
4A1.2(c)(2)—881 F.2d 684
4A1.2(e)—868 F.2d 122
4A1.2(e)(1)—868 F.2d 122
4A1.2(e)(2)—868 F.2d 122
4A1.2(e)(2)—871 F.2d 513
4A1.2 comment—694 F.Supp. 1488
4A1.2 comment—709 F.Supp. 908
4A1.2 comment—875 F.2d 1110
4A1.3—868 F.2d 122
4A1.3—868 F.2d 128
4A1.3—869 F.2d 54
4A1.3—871 F.2d 513
4A1.3—872 F.2d 597
4A1.3—873 F.2d 765

4A1.3—874 F.2d 43
4A1.3—874 F.2d 466
4A1.3—876 F.2d 784
4A1.3—877 F.2d 664
4A1.3—878 F.2d 50
4A1.3—879 F.2d 1247
4A1.3—694 F.Supp. 1488
4A1.3—706 F.Supp. 331
4A1.3—712 F.Supp. 707
4A1.3—712 F.Supp. 1327
4A1.3(a)—694 F.Supp. 1488
4A1.3(b)—868 F.2d 128
4A1.3(b)—879 F.2d 1247
4A1.3(d)—868 F.2d 54
4A1.3(d)—869 F.2d 54
4A1.3(d)—874 F.2d 466
4A1.3(e)—868 F.2d 128
4A1.3(e)—874 F.2d 466
4A1.3(e)(4)—874 F.2d 466
4A1.3 comment—712 F.Supp. 1327

### Part B: Career Offenders and Criminal Livelihood

4B1.1—835 F.2d 1195
4B1.1—873 F.2d 495
4B1.1—873 F.2d 709
4B1.1—875 F.2d 143
4B1.1—875 F.2d 1110
4B1.1—879 F.2d 541
4B1.1—881 F.2d 155
4B1.1—881 F.2d 973
4B1.1—694 F.Supp. 1488
4B1.1—708 F.Supp. 461
4B1.1—715 F.Supp. 261
4B1.2—875 F.2d 143
4B1.2—687 F.Supp. 1329
4B1.2—704 F.Supp. 1398
4B1.2—715 F.Supp. 261
4B1.2(1)—875 F.2d 1110
4B1.2(1)—881 F.2d 973
4B1.2(1)—704 F.Supp. 1398
4B1.2(3)—875 F.2d 1110
4B1.2 note 1—835 F.2d 1195
4B1.3—873 F.2d 495
4B1.3—686 F.Supp. 1174
4B1.3—694 F.Supp. 1105
4B1.3—694 F.Supp. 1488

## CHAPTER FIVE—DETERMINING THE SENTENCE

### Part A: Sentencing Table

5A Sentencing Table—838 F.2d 932
5A Sentencing Table—855 F.2d 925
5A Sentencing Table—860 F.2d 35
5A Sentencing Table—867 F.2d 222
5A Sentencing Table—868 F.2d 1541
5A Sentencing Table—868 F.2d 1121

5A Sentencing Table—868 F.2d 1390
5A Sentencing Table—869 F.2d 54
5A Sentencing Table—872 F.2d 735
5A Sentencing Table—878 F.2d 164
5A Sentencing Table—882 F.2d 474
5A Sentencing Table—684 F.Supp. 1506
5A Sentencing Table—684 F.Supp. 1535

*Commentary*

*Statutory Provisions:  18 U.S.C. § 844(d); 26 U.S.C. § 5685.*

Historical Note: Effective November 1, 1987. Amended effective November 1, 1989 (see Appendix C, amendment 303).

#### §2K1.7.    Use of Fire or Explosives to Commit a Federal Felony

If the defendant, whether or not convicted of another crime, was convicted under 18 U.S.C. § 844(h), the term of imprisonment is that required by statute.

*Commentary*

*Statutory Provision:  18 U.S.C. § 844(h).*

*Application Notes:*

1. *The statute requires a term of imprisonment imposed under this section to run consecutively to any other term of imprisonment.*

2. *Imposition of a term of supervised release is governed by the provisions of §5D1.1 (Imposition of a Term of Supervised Release).*

Historical Note: Effective November 1, 1989 (see Appendix C, amendment 188).

\*    \*    \*    \*    \*

#### 2.    FIREARMS

#### §2K2.1.    Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition

(a)    Base Offense Level (Apply the greatest):

   (1)   **16**, if the defendant is convicted under 18 U.S.C. § 922(o) or 26 U.S.C. § 5861; or

   (2)   **12**, if the defendant is convicted under 18 U.S.C. § 922(g), (h), or (n); or if the defendant, at the time of the offense, had been convicted in any court of an offense punishable by imprisonment for a term exceeding one year; or

   (3)   **6**, otherwise.

Exhibit 2(2 pages)

    (b)    Specific Offense Characteristics

        (1)    If the defendant obtained or possessed the firearm or ammunition solely for lawful sporting purposes or collection, decrease the offense level determined above to level 6.

        (2)    If the firearm was stolen or had an altered or obliterated serial number, increase by 2 levels.

    (c)    Cross References

        (1)    If the offense involved the distribution of a firearm or possession with intent to distribute, apply §2K2.2 (Unlawful Trafficking and Other Prohibited Transactions Involving Firearms) if the resulting offense level is greater than that determined above.

        (2)    If the defendant used or possessed the firearm in connection with commission or attempted commission of another offense, apply §2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above.

#### Commentary

*Statutory Provisions:* 18 U.S.C. § 922(a)(1), (a)(3), (a)(4), (a)(6), (e), (f), (g), (h), (i), (j), (k), (l), (n), and (o); 26 U.S.C. § 5861(b), (c), (d), (h), (i), (j), and (k).

#### Application Notes:

1.    *The definition of "firearm" used in this section is that set forth in 18 U.S.C. § 921(a)(3) (if the defendant is convicted under 18 U.S.C. § 922) and 26 U.S.C. § 5845(a) (if the defendant is convicted under 26 U.S.C. § 5861). These definitions are somewhat broader than that used in Application Note 1(e) of the Commentary to §1B1.1 (Application Instructions). Under 18 U.S.C. § 921(a)(3), the term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Under 26 U.S.C. § 5845(a), the term "firearm" includes a shotgun, or a weapon made from a shotgun, with a barrel or barrels of less than 18 inches in length; a weapon made from a shotgun or rifle with an overall length of less than 26 inches; a rifle, or weapon made from a rifle, with a barrel or barrels less than 16 inches in length; a machine gun; a muffler or silencer for a firearm; a destructive device; and certain other large bore weapons.*

2.    *Under §2K2.1(b)(1), intended lawful use, as determined by the surrounding circumstances, provides a decrease in the offense level. Relevant circumstances include, among others, the number and type of firearms (sawed-off shotguns, for example, have few legitimate uses) and ammunition, the location and circumstances of possession, the nature of the defendant's criminal history (e.g., whether involving firearms), and the extent to which possession was restricted by local law.*

*Background:* *Under current sentencing practices, there is substantial sentencing variation for these crimes. From the Commission's investigations, it appears that the variation is attributable primarily* ♦ *to the wide variety of circumstances under which these offenses occur. Apart from the nature of the*

        November 1, 1989

Re: NEFF, Mark L.

this offense.    Therefore, the two-point adjustment for
acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 is
not warranted.

### Offense Level Computation

17.  The 1990 edition of the Guidelines Manual has been used in
     this case.

18.  **Base Offense Level:**  The guideline for an 18 U.S.C.
     § 922(g)(1) offense is found at U.S.S.G. § 2K2.1(a)(2),
     which provides for a base offense level of 12.          12

19.  **Specific Offense Characteristic:**  Pursuant to U.S.S.G.
     § 2K2.1(b)(2), if the firearm was stolen or had an
     altered or obliterated serial number, increase by two
     levels.    The firearm in this case had an obliterated
     serial number; therefore, the offense level is increased
     by two levels.                                          +2

20.  **Victim-Related Adjustments:**  There is no victim in the
     instant offense as defined in U.S.S.G. § 3A.  Therefore,
     no adjustment applies.                                   0

21.  **Adjustment for Role in the Offense:**  There is no role
     adjustment in the instant offense as defined in U.S.S.G.
     § 3B.  Therefore, no adjustment applies.                 0

22.  **Adjustment for Obstruction of Justice:**  No adjustments
     apply under U.S.S.G. § 3C.                               0

23.  **Adjusted Offense Level** (Subtotal):                  14

24.  **Adjustment for Acceptance of Responsibility:**    The
     defendant has not demonstrated an affirmative acceptance
     of    responsibility    or    recognition    of    personal
     responsibility for his criminal conduct; therefore, he is
     not given a two-level reduction pursuant to U.S.S.G.
     § 3E1.1.                                                 0

25.  **Total Offense Level:**                                14

26.  **Chapter Four Enhancements:**    Since the defendant is
     subject    to    an    enhanced    sentence    under    18    U.S.C.
     § 924(e)(1) by way of having at least three prior felony
     convictions, he is an armed career criminal pursuant to
     U.S.S.G. § 4B1.4(a).    That section provides for an
     offense    level    of    33,    pursuant    to    'U.S.S.G.
     § 4B1.4(b)(3)(B).                                        33

27.  **Total Offense Level After Enhancements:**             33

6

Exhibit 3

## SENTENCING COMMENTARIES

### SENTENCING TABLE
(in months of imprisonment)

**Criminal History Category (Criminal History Points)**

| Offense Level | I (0 or 1) | II (2 or 3) | III (4, 5, 6) | IV (7, 8, 9) | V (10, 11, 12) | VI (13 or more) |
|---|---|---|---|---|---|---|
| 1 | 0 - 6 | 0 - 6 | 0 - 6 | 0 - 6 | 0 - 6 | 0 - 6 |
| 2 | 0 - 6 | 0 - 6 | 0 - 6 | 0 - 6 | 0 - 6 | 1 - 7 |
| 3 | 0 - 6 | 0 - 6 | 0 - 6 | 0 - 6 | 2 - 8 | 3 - 9 |
| 4 | 0 - 6 | 0 - 6 | 0 - 6 | 2 - 8 | 4 - 10 | 6 - 12 |
| 5 | 0 - 6 | 0 - 6 | 1 - 7 | 4 - 10 | 6 - 12 | 9 - 15 |
| 6 | 0 - 6 | 1 - 7 | 2 - 8 | 6 - 12 | 9 - 15 | 12 - 18 |
| 7 | 1 - 7 | 2 - 8 | 4 - 10 | 8 - 14 | 12 - 18 | 15 - 21 |
| 8 | 2 - 8 | 4 - 10 | 6 - 12 | 10 - 16 | 15 - 21 | 18 - 24 |
| 9 | 4 - 10 | 6 - 12 | 8 - 14 | 12 - 18 | 18 - 24 | 21 - 27 |
| 10 | 6 - 12 | 8 - 14 | 10 - 16 | 15 - 21 | 21 - 27 | 24 - 30 |
| 11 | 8 - 14 | 10 - 16 | 12 - 18 | 18 - 24 | 24 - 30 | 27 - 33 |
| 12 | 10 - 16 | 12 - 18 | 15 - 21 | 21 - 27 | 27 - 33 | 30 - 37 |
| 13 | 12 - 18 | 15 - 21 | 18 - 24 | 24 - 30 | 30 - 37 | 33 - 41 |
| 14 | 15 - 21 | 18 - 24 | 21 - 27 | 27 - 33 | 33 - 41 | 37 - 46 |
| 15 | 18 - 24 | 21 - 27 | 24 - 30 | 30 - 37 | 37 - 46 | 41 - 51 |
| 16 | 21 - 27 | 24 - 30 | 27 - 33 | 33 - 41 | 41 - 51 | 46 - 57 |
| 17 | 24 - 30 | 27 - 33 | 30 - 37 | 37 - 46 | 46 - 57 | 51 - 63 |
| 18 | 27 - 33 | 30 - 37 | 33 - 41 | 41 - 51 | 51 - 63 | 57 - 71 |
| 19 | 30 - 37 | 33 - 41 | 37 - 46 | 46 - 57 | 57 - 71 | 63 - 78 |
| 20 | 33 - 41 | 37 - 46 | 41 - 51 | 51 - 63 | 63 - 78 | 70 - 87 |
| 21 | 37 - 46 | 41 - 51 | 46 - 57 | 57 - 71 | 70 - 87 | 77 - 96 |
| 22 | 41 - 51 | 46 - 57 | 51 - 63 | 63 - 78 | 77 - 96 | 84 - 105 |
| 23 | 46 - 57 | 51 - 63 | 57 - 71 | 70 - 87 | 84 - 105 | 92 - 115 |
| 24 | 51 - 63 | 57 - 71 | 63 - 78 | 77 - 96 | 92 - 115 | 100 - 125 |
| 25 | 57 - 71 | 63 - 78 | 70 - 87 | 84 - 105 | 100 - 125 | 110 - 137 |
| 26 | 63 - 78 | 70 - 87 | 78 - 97 | 92 - 115 | 110 - 137 | 120 - 150 |
| 27 | 70 - 87 | 78 - 97 | 87 - 108 | 100 - 125 | 120 - 150 | 130 - 162 |
| 28 | 78 - 97 | 87 - 108 | 97 - 121 | 110 - 137 | 130 - 162 | 140 - 175 |
| 29 | 87 - 108 | 97 - 121 | 108 - 135 | 121 - 151 | 140 - 175 | 151 - 188 |
| 30 | 97 - 121 | 108 - 135 | 121 - 151 | 135 - 168 | 151 - 188 | 168 - 210 |
| 31 | 108 - 135 | 121 - 151 | 135 - 168 | 151 - 188 | 168 - 210 | 188 - 235 |
| 32 | 121 - 151 | 135 - 168 | 151 - 188 | 168 - 210 | 188 - 235 | 210 - 262 |
| 33 | 135 - 168 | 151 - 188 | 168 - 210 | 188 - 235 | 210 - 262 | 235 - 293 |
| 34 | 151 - 188 | 168 - 210 | 188 - 235 | 210 - 262 | 235 - 293 | 262 - 327 |
| 35 | 168 - 210 | 188 - 235 | 210 - 262 | 235 - 293 | 262 - 327 | 292 - 365 |
| 36 | 188 - 235 | 210 - 262 | 235 - 293 | 262 - 327 | 292 - 365 | 324 - 405 |
| 37 | 210 - 262 | 235 - 293 | 262 - 327 | 292 - 365 | 324 - 405 | 360 - life |
| 38 | 235 - 293 | 262 - 327 | 292 - 365 | 324 - 405 | 360 - life | 360 - life |
| 39 | 262 - 327 | 292 - 365 | 324 - 405 | 360 - life | 360 - life | 360 - life |
| 40 | 292 - 365 | 324 - 405 | 360 - life | 360 - life | 360 - life | 360 - life |
| 41 | 324 - 405 | 360 - life | 360 - life | 360 - life | 360 - life | 360 - life |
| 42 | 360 - life | 360 - life | 360 - life | 360 - life | 360 - life | 360 - life |
| 43 | life | life | life | life | life | life |

Exhibit 4

5.2
**[236]**

November 1, 1989