E-FILED
Wednesday, 02 November, 2005 11:00:25 AM
Clerk, U.S. District Court, ILCD

FILED
NOV - 2 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  Plaintiff/Respondent, )<br>  )<br>v.  )<br>  )<br>MARK L. NEFF,  )<br>  Defendant/Petitioner. ) | Case No. 91-30043-001 |

## MOTION TO INCLUDE RELEVANT GUIDELINE TO INSTANT CASE PENDING RESOLUTION

Comes now, Mark L. Neff, Petitioner, Pro-Se, and hereby submits this motion to include a relevant Guideline for this Court's consideration in the resolution of the pending motion filed under 18 USC §3582(c)(2) and states the following in support thereof:

Petitioner filed his motion under §3582 to modify his sentence and Amendment 591 gives this Honorable Court the authority to modify the sentence to bring it into conformity with the applicable laws and guidelines as they apply to the instant case.

Petitioner directs this Court's attention to USSG §5G1.1, which, states the following:

> (c) In any other case, the sentence may be imposed at any point within the applicable guideline range, provided that the sentence---
>
> (1) <u>is not greater than the statutorily authorized maximum sentence</u>.... (emphasis added).

It states within the Commentary section the following:

> "...If the applicable guideline range is 51-63 months and the maximum sentence authorized by statute for the offense is 60 months, the guideline range is restricted to 51-60 months under subsection (c)."

Pursuant to §5G1.1(c)(1), this Petitioner faces a sentence no greater than the statutory maximum of 60 months for the statute of conviction in this case.

Petitioner was sentenced to 252 months under the application of USSG §4B1.4, a guideline not referenced to the statute of conviction and the minimum guideline range for this Guideline is 180 months with a maximum sentencing range of LIFE. The statutory authorized maximum sentence for the statute of conviction in this case is 60 months. The application of §4B1.4, exceeds the authorized statutory maximum for the statute of conviction in this case by 120 months. Therefore, under §5G1.1(c)(1), this guideline exceeds the authorized statutory maximum and prohibits the application of it[4B1.4] to the sentence in this case.

At §6A1.1, comment., it states:

> "...when a specific statute requires or when the court finds sufficient information in the record to enable it to exercise its <u>statutory sentencing authority</u> meaningfully and explains its findings on the record." (emphasis added).

This guideline acknowledges the court's authority to exercise its <u>statutory sentencing authority</u>. The statutory sentencing authority the court is allowed to excercise is for the statute of conviction and the authorized maximum statutory sentencing range is 60 months. See F.R. Crim.P., Rule 7(a)(1)(B), (c); §5C1.1(a); 5G1.1(c)(1); <u>Jones v US</u>, 526 US 227, 143 L.Ed.2d 311, 119 S.Ct.1215(1999); <u>US v Sanchez</u>, 242 F.3d 1294(11th Cir. 2001)(Sentencing Guidelines cannot be used to increase the penalty beyond the statutory maximum); <u>Gibson v US</u>, 271 F.3d 247(6th Cir.2001); <u>US v Harris</u>, 244 F.3d 828(11th Cir.2001); <u>US v Hopkin</u>, 310 F.3d 145(4th Cir.2002); and **US v Polson**, 285 F.3d 563(7th Cir.2002)(A district court cannot rely upon inaccurate information in sentencing a defendant; a sentence based on inaccurate information must be set aside).

The Guideline at Section 5G1.1(c)(1) restricts a guideline from being applied to a sentence if the sentencing range exceeds the statutory

maximum and,in this case,USSG §4B1.4,exceeds the statutory authorized maximum for the statute of conviction in this case.

### IN CONCLUSION

Petitioner requests this Honorable Court to consider these guidelines as they have direct application in determining the relevant sentencing range as authorized by the statute of conviction.

Petitioner requests this Honorable Court to GRANT the motion filed under Section 3582(c)(2) for Petitioner has shown that Amendment 591 has application to this case and it causes this Petitioner to face a different sentencing range than the one currently imposed and to DENY the governments motion in opposition as it conflicts with the applicable Laws,Guidelines, Codes,and Rules as they apply to this case.

Respectfully subitted,

Mark L. Neff, Pro-Se.

### CERTIFICATE OF SERVICE

I,the undersigned,hereby certify that a true and exact copy of the foregoing was mailed by the United States Postal Service on this 21st day of October,2005,to:

ESTABAN F. SANCHEZ,AUSA
318 South 6th Street
Springfield,Ill 62701

Mark L. Neff #09244-026
FCI-GREENVILLE/P.O. Box 5000
Greenville,Ill 62246-5000

-3-