E-FILED
Wednesday, 23 November, 2005  10:31:43 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

FILED
NOV 23 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA, )
   Plaintiff/Respondent, )
                     )
v.                           )   Case No. 91-30043
                      )
MARK L. NEFF,          )
   Defendant/Petitioner. )

MOTION TO CLARIFY HOW TITLE 18 USC §924(e)/USSG §4B1.4 DOES NOT APPLY

Comes now, MARK L. NEFF, Defendant/Petitioner and states the following showing how USSG §4B1.4 does not apply for application to enhance the sentence in this case.

The U.S. Probation Department incorrectly informed the sentencing court that this Petitioner was eligible for the Career Offender guideline enhancement. This Petitioner was not charged nor convicted by a jury of Title 18 USC §924 and, therefore, this statutory penalty does not apply.

Federal Rules of Criminal Procedure states at Rule 7 the following:

      (a)  A Felony

      (1)  An offense (other than criminal contempt) must be prosecuted by an indictment if it is punishable:

      (B)  by imprisonment for more than one year.

and

Rule 7(c)(1) states:

> "The indictment...must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government...**For each count**, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."

This Rule gives effect to the following provision of the Fifth Amend.

to the Constitution of the United States:

> "No person shall be held to answer for a capital,or otherwise infamous crime,unless on a presentment or indictment of the Grand Jury..."

Petitioner was indicted by the Grand Jury and all the statutes in the indictment carry more than one year,**except**,Title 18 USC §924(e) was not charged by the Grand Jury,when it must be because this statute carries a minimum fifteen years[mandatory].

In order to satisfy due process,the indictment must adequately inform the accused of what constitutes the crime/offense charged against him by the grand jury. See Neder v US,527 US 1(1999). It must charge each and every element of the offense. See Russell v US,369 US 749(1962); Hamling v US,418 US 87(1974)(An indictment must set forth each and every element of the crime it charges).;US v Gaudin,515 US 506(1995). Further,the indictment must accurately reflect the intent of the grand jury,Neder,527 US 1 (1999) and a defendant may not be convicted on the basis of facts not found by,and perhaps not presented to the grand jury which indicted him,Russell,369 US 770(1962);Stirone v US,80 S.CT. 270(1960).

In this case,the prosecutor did not submit Title 18 USC §924(e) to the Grand Jury as required by Rule 7(1)(B) due that statute carrying a mandatory minimum fifteen years. This statute has elements that,if, a defendant meets,could be eligible for his sentence to be enhance beyond the statutory maximum or guideline range. Due process can only be met if this statutory offense is charged by the grand jury and then prosecuted through indictment.

In this case,that statute[§924(e)/USSG §4B1.1] was not charged by the grand jury. The trial court does not have subject matter juris-

-2-

diction to entertain this statute for application towards Petitioner's sentence.

In <u>Jackson v Virginia</u>,443 US 307,314,99 S.Ct.2781,61 L.Ed 2d 560(1979) the Court said,"that a conviction upon a charge not made...constitutes a denial of due process." This principle in turn rests upon the "broader premise" that a person cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend." Id.; <u>Stirone v US</u>,361 US 212,217,80 S.Ct.270,4 L.Ed 2d 252(1960)(noting that a "court cannot permit a defendant to be tried on charges that are not made in the indictment against him.";<u>Cole v Arkansas</u>,333 US 196,201, 68 S.Ct.514,92 L.Ed 644(1948)(holding that "notice of the specific charge,and a chance to be heard in a trial of the issues raised by that charge,if desired,are among the constitutional rights of every accused in a criminal proceeding in all courts,state or federal.").

In this case,the grand jury did not charge this Petitioner with a Title 18 USC §924(e)/USSG §4B1.1[Career Offender] offense. This offense was charged by the U.S. Probation Department and this department does not,in any way,enjoy the power of the grand jury to indict a defendant for an offense. This constitutes a violation of this Petitioner's rights to be charged by indictment for any and every offense charged against this Petitioner that may cause him to lose his liberty for any amount of time.

The U.S. Attorney's office did not submit a Jury Instruction under Title 18 USC §924(e) and,therefore,this statutory offense is not applicable to this case and    would constitute plain error if this court applies this offense to the sentence.

By the U.S.Attorney failing to submit this statute to the grand jury

this Honorable Court is foreclosed from considering this statute. The court does not have subject-matter jurisdiction and,if,this court does apply this statute to the sentence,it will be entered in violation of due process and will,ultimately,have to be set aside. See Jaffe and Asher v Van Brunt,(SDNY)(1994),158 F.R.D. 278,F.R.Civ.P., Rule 60(b)(4);U.S.C.A.,Const.Amend.Five;Kelly v US,29 F.3d 1107,1113-14 (7th Cir.1994)(Jurisdictional defects are non-waivable).

In this case,the trial court's subject-matter jurisdiction is limited to the stautory offenses the jury found this Petitioner guilty of. See Russell,supra,;Stirone,supra.

If this court does sentence this Petitioner under §4B1.4,this Petitioner would be "actually innocent" of the sentence imposed under this statute. See Bousley v US,523 US 614,140 L.Ed 2d 828,188 S.Ct.1604(1998) (Applying "actual innocence" to a non-capital sentencing proceeding); Smith v Murray,477 US 527,106 S.Ct.2661,91 L.Ed 2d 434(1986)(the Court noted that it is "fair to enforce a substantial claim that the alleged error undermined the accuracy of the guilt or sentencing determination").

The implication of all this is the question about the court's jurisdiction that cannot be waived. See Freytag v Commissioner of Internal Revenue,501 US 868,896-97,111 S.Ct.2631,2648,115 L.Ed 2d 764(1991) (Scalia,J.,concurring)(discussing the "non-waivability" of lack of subject-matter jurisdiction.").

If this court applies this statute to the sentence,it would represent a "fundamental defect which inherently results in a complete miscarriage of justice." See Belford v US,975 F.2d 310,313(7th Cir.1992).

Petitioner states that it is a violation of the Fifth and Sixth Amendments as the Supreme Court has stated,time and again,that to convict a defendant without due process results in a defendant being unconsti-

-4-

tutionally convicted.

The U.S. Atorney's office had opportunity to charge this Petitioner with a violation of Title 18 USC §924(e)/§4B1.1[Career Offender],**but,** did not. This failure precludes this court from considering application of this statute to apply it to enhance the sentence.

Petiitoner requests this Honorable Court to take NOTICE that Title 18 USC §924(e)[Career Offender] is not charged in the indictment;that this statutory offense carries a mandatory minimum fifteen years;and that Rule 7(a)(1)(B) requires any offense which carries more than one year be charged through the indictment **by the Grand Jury.**

For the foregoing argument,Title 18 USC §924(e)/USSG §4B1.1[Career Ofeender] is not applicable to this case,in any fashion,and,therefore, may not be applied to enhance Petitioner Bradley's sentence.

Dated:_____,2005.                    Respectfully submitted,

                                                _____
                                                Mark L. Neff,Pro-Se.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above was mailed this____day of_____,2005 ,to:

ESTABAN F. SANCHEZ,AUSA
318 South 6th Street
Springfield,Ill 62701

MARK L. NEFF #09244-026
P.O. Box 5000
Greenville,Ill 62246-5000

-5-