E-FILED
Thursday, 01 December, 2005  02:13:16 PM
Clerk, U.S. District Court, ILCD

FILED
DEC 1 - 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   Plaintiff/Respondent, )<br>)<br>   v.  )<br>)<br>MARK L. NEFF, )<br>   Defendant/Petitioner. ) | Case No. 91-30043 |

## MOTION FOR REVIEW OF JUDGMENT UNDER
## FEDERAL RULES OF CIVIL PROCEDURE RULE 60 (b)(5)(6)

Comes now, MARK L. NEFF, Defendant-'Petitioner', and now submits this motion under F.R.Civ.P., Rule 60 (b)(5) because this Petitioner has fulfilled the legal statutory maximum under the statutory offense the jury found Petitioner guilty of and, in this case, the statutory maximum allowed under law for this offense was 60 months.

This Honorable Court has the discretion under Rule 60 (b)(6) to amend an Order or Judgment if an 'exceptional circumstance' exist and, in this case, an 'exceptional circumstance' does exist.

The Seventh Circuit has emphasized that Rule 60 (b) relief is reserved for exceptional circumstances. See Mares v Busby, 34 F.3d 533, 535 (7th Cir. 1994). The exceptional circumstance existing in this case is that the sentence is imposed under a statute that is not listed in the 1990 USSG Manual's Statutory Index and, which, became applicable after the Grand Jury returned the indictment in this case. See Indictment; Amendment 418, USSG Manual 1991 and 2004. The exceptional circumstance in this case is not a simple legal error and Rule 60 (b) does not rise to the level to address a simple error, "[r]ather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy'." Cash v Illinois Division of Mental Health, 209 F.3d 695, 697 (7th Cir. 2000) (quoting Russell, 51 F.3d at 749). Accord Dickerson v Board of Education, 32 F.3d 1114, 1116 (7th Cir. 1994); Reinsurance Co. v Administrative Asigurarilor, 902 F.2d 1275, 1277 (7th Cir. 1990).

Petitioner now states the following in support for this motion to reconsider the decision to deny relief under Title 18 USC §3582(c)(2) and through Amendment 591 as entered on 9/07/2005 and states the following for review under Rule 60 (b)(5)(6):

This Petitioner was charged and indicted by the Grand Jury for a violation of Title 18 USC §922(g)(1). See Exhibit 1. The trial jury returned a verdict of Guilty on this charged violation. See Jury Verdict Form. This Offense was charged, as required, by indictment under Federal Rules of Criminal Procedure Rule 7(a)(1)(B) because:

1. Title 18 USC §922(g)(1) is (a) A Felony;
2. (B) is punishable for more than one year;
3. Due Process requires NOTICE to the accused of what he stands accused of.
4. Title 18 USC §922(g)(1) carried a term of imprisonment[statutorily] for 60 months.

Title 18 USC §924(e)(1) is also a felony, punishable for more than one year and can only meet due process by being charged and indicted for by the Grand Jury.

As the court is well aware, this statutory offense is not charged by indictment and, yet, is applied to enhance the statutory maximum from 60 months to 192 months beyond the legal maximum and resulted in a 252 month sentence. This sentence is imposed in violation of the ex post facto clause and guideline procedure.

USSG §5G1.1(a) directs:

(a) Where the statutory authorized maximum is less than the minimum of the applicable guideline range, the statutory authorized maximum sentence shall be the guideline sentence.(emphasis added);

USSG §5C1.1(a) directs:

(a) A sentence conforms with the guidelines for imprisonment if it is within the minimum and maximum terms of the applicable guideline range.

USSG §1B1.7 instructs the court on the Significance of the Commentary when applying a Guideline or when it explains WHY the Sentencing Commission enacts an amendment and, moreso, in determining how and why it is declared retroactive by incorporating that amendment in §1B1.10(c).

Petitioner cited **Amendment 591** as applicable to his case because of the REASON for the amendment's promulgation and that reason is present in this case.

The Commission stated the following:

**Reason for Amendment:**

"...in promulgating this amendment, the Commission was **also aware of case law that raises a similar issue regarding selection of a Chapter Two** (Offense Conduct) **guideline, DIFFERENT from that listed in the Statutory Index** (Appendix-A) **based on FACTORS OTHER THAN THE CONDUCT CHARGED IN THE OFFENSE OF CONVICTION.**" (emphasis added).
"...The clarification is intended to emphasize that **the sentencing court MUST APPLY THE OFFENSE GUIDELINE REFERENCED IN THE STATUTORY INDEX FOR THE STATUTE OF CONVICTION...**" (emphasis added).

Petitioner cites this retroactive amendment as applicable to his case because the exact same issue is present: The court has applied an incorrect guideline to the sentence for 'status[having 3 prior convictions]' and because the sentence is imposed under this guise, a modification of the sentence is not only appropriate, but, is compelled, in that, the sentence has substantially affected the liberty interest of this petitioner and , that Petitioner, is 'actually innocent' of the imposed sentence under Title 18 USC §924(e)(1).

By the government's attorney not submitting this statutory offense to the Grand Jury, it foreclosed subject-matter jurisdiction. Actually, the government's attorney could not submit this offense because it was not listed in the 1990 USSG Manual's Statutory Index. This statute and it's guideline[§4B1.4] did not become applicable until it's incorporation, through Amendment 418,421,442, and 474, and by it not being in force on the date listed in the indictment, this sentence is imposed in violation of the ex post facto clause of Art.1,§9,cl.3 of the United States Constitution. See <u>Miller v Florida</u>, 482 US 423(1987) and <u>Graham v Weaver</u>, 450 US 24,29(1981). Indeed, "A defendant has a due process right to be sentenced only on the basis of accurate information." <u>US v Isirov</u>, 986 F.2d 183(7th Cir.1993).

This Petitioner, through Amendment 591, challenges the factual allegations contained in the Presentence report(PSR) that Title 18 USC §924(e)(1) is applicable to this case.

Federal Rules of Criminal Procedure Rule 32(c)(3)(D) requires the court to determine the accuracy of the challenged factual allegations contained in the PSR.

This court did that,but,now has a duty to apply the Policy Statements issued by the Sentencing Commission that was made retroactive addressing the issue put forth in the amendment.

This Honorable Court ruled against this Petiitoner in determining that USSG §4B1.4 applied to this case because 'there existed three prior convictions in the criminal history of this Petitioner' and this 'conduct' is not contained in the requirements of Title 18 USC §922(g)(1). This 'conduct' is listed as elements for a violation of Title 18 USC §924(e)(1),a statutory offense that carries more than one year. This 'conduct' pertains to Title 18 USC §924(e)(1) and not to 18 USC §922(g)(1). See Exhibit 2.

The referenced guideline to Title 18 USC §922(g)(1) is §2K2.1. Under this Guideline, this Petitioner faced a guideline sentence of 33-41 months and a possible 19 month enhancement that would cause the sentence to be no greater than the maximum allowed under law,in this case,60 months. Under the prescriptions of Rule 32,strict compliance with Rule 32(c)(3)(D) is required and failure to comply will result in the case being remanded. US v Conkins,987 F.2d 564(9th Cir.1993).

The same requirement for precision and punctilious adherence to fact and to the fundamental notion of fairness at sentencing are contained in the USSG.

USSG §6A1.3 provides,in material part,that:

The court's resolution of disputed sentencing factors will usually have a measurable effect on the applicable punishment. More formality is therefor unavoidable if the sentencing process is to be accurate and fair.

According to US v Hammer,3 F.3d at 268,"[w]hen a defendant contests facts alleged in a presentence report,and the issue is one of which the United States has the burden of proof--the proper base offense level,for example,or a factor that will enhance the sentence--the government must produce the evidence sufficient to persuade the sentencing court by a preponderance of the evidence that the prosecutor's position is correct."

In this case, the government cannot persuade this court that Title 18 USC §924(e)(1) applies to this case for the following reasons:

1. The Grand Jury indicted for a single count--18 USC §922(g)(1);
2. The indictment was returned on June 20, 1991;
3. The 1990 USSG Manual was used in this case;
4. Title 18 USC §922(g)(1) references USSG §2K2.1 as it's applicable guideline in the 1990 Manual's Statutory Index;
5. This Title called for a statutory maximum sentence of 60 months;
6. The jury returned verdict of guilty upon Title 18 USC §922(g)(1), a statutory offense that carried a punishment of more than one year and charged under F.R.Crim.P., Rule 7(a)(1)(B).

The very reasons the government cannot persuade this court that Title 18 USC §924(e)(1) applies to this is for the following reasons:

1. This Title is not listed in the Statutory Index of the 1990 Manual;
2. It was not submitted to the Grand Jury because it did not have applicability until the Sentenceing Commission promulgated Amendment 418.
3. This statute, as applied to this case, violates the expost facto clause of the Constitution and of the Guideline §1B1.11(b)(1)(2);
4. The US Attorney's Office and the US Probation Office cannot usurp the power of the Grand Jury and charge this Petiitoner with a statutory violation;
5. The US Attorney was restricted by USSG §5G1.1(a) and §5C1.1(a) to request a sentence within the applicable statutory guideline for the statute of conviction returned by the jury.

By the US Attorney and the US Probation Department supplying erroneous information that caused this sentence to be enhanced 192 months beyond the statutory maximum 60 months and 211 months beyond the authorized guideline maximum of 41 months, this Honorable Court can modify this sentence because that is precisely why the Sentencing Commission enacted

-5-

**Amendment 591.** To address the issue of a defendant being sentenced under the wrong guideline. This is a structural error that occured at the time of sentencing and, in this case, this error occured on August 5,1994 and, which, now can be retified and is authorized to be done so by **Amendment 591** being incorporated in §1B1.10(c) of the USSG.

## IN CONCLUSION

The correct sentencing guideline range for this Petitioner for a Title 18 USC §922(g)(1) violation is as follows:

**BASE OFFENSE LEVEL:**

1. §2K2.1(a)---after adjustment--BASE OFFENSE LEVEL 14;
2. Statutory Maximum---60 months
3. Criminal History Category-----Crimimal History   V;

**Guideline Range:** 33-41 months;

This is the correct relevant sentencing range for this Petitioner under the conviction for Title 18 USC §922(g)(1) offense, **YET**, this is not the sentencing range this Petitioner was sentenced under. By this Petitioner being sentenced under a statutory guideline that does not apply, a structural error has occured and this error is addressed in Apprendi v New Jersey, (cite omitted). The Seventh Circuit stated in Belford v US, 975 F.2d 310,313(7th Cir.1992) that,"a fundamental defect which inherently results in a complete miscarriage of justice." See Kelly v US, 29 F.3d 1107,1113-14(7th Cir.1994); Bousley v US,523 US 614,140 L.Ed 2d 828,188 S.Ct.1604(1998);and in Jackson v Virginia, 443 US 307,314,00 S.Ct.2781,61 L.Ed 2d 560(1979)(The Court said,"that a conviction upon a charge not made...constitutes a denial of due process." See Jaffe and Asher v Van Brunt, 158 F.R.D.278(a sentence entered in violation of due process must be set aside).

Petitioner motions this Honorable Court under Rule 60 (b)(5)and(6) to review the Judgment entered and to accord this motion in that review. Since a structural error exists in this case, a modification of the sentence would be appropriate under Title 18 USC §3582(c)(2) and USSG §1B1.10(c).

Petitioner requests this Honorable Court to amend the Judgment rendered and reopen this cause of action and to GRANT the application of modification as applied for under §3582(c)(2). Also to Appoint Counsel for representation at a hearing set for resentencing or for an evidentiary hearing to determine the relevant sentencing range.

DATED: November 27th, 2005.

Respectfully submitted,

Mark L. Neff
MARK L. NEFF, PRO-SE.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing was mailed on this 27th day of November, 2005 to:

ESTABAN F. SANCHEZ, AUSA
318 South 6th Street
Springfield, Il 62701

Mark L. Neff
Mark L. Neff 09244-026
P.O. Box 5000
Greenville, Il 62246-5000