E-FILED
Monday, 05 December, 2005  11:48:55 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK L. NEFF, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 91-30043 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# O R D E R

This matter is before the Court on Petitioner's Motion for Review of Judgment Under Rule 60(b) of the Federal Rules of Civil Procedure [#184] and Petitioner's Motion to Clarify how Title 18 U.S.C. § 924(e)/USSG § 4B1.4 Does Not Apply [#182]. For the reasons that follow, Petitioner's Rule 60(b) Motion [#184] is DISMISSED FOR LACK OF JURISDICTION and his Motion to Clarify [#182] is STRICKEN.

**Factual Background**

Neff was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced as an armed career criminal to 252 months' imprisonment. He subsequently appealed his conviction to the United States Court of Appeals for the Seventh Circuit, challenging the denial of his motion to suppress evidence. On July 18, 1995, the Seventh Circuit issued its Order affirming this Court. See United States v. Neff, 61 F.3d 906, 1995 WL 428175 (7th Cir. 1995) (unpublished order pursuant to Circuit Rule 53(b)(2)).

On April 22, 1996, Neff filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In his Motion, he raised essentially three issues: (1)

this Court improperly classified him as an armed career criminal pursuant to 18 U.S.C. § 924(e); (2) Congress exceeded its authority under the Commerce Clause in enacting 18 U.S.C. § 922(g); and (3) appellate counsel rendered ineffective assistance on his direct appeal by not raising the first two issues. Neff's Motion was denied in its entirety on July 30, 1996. He pursued an appeal to the Seventh Circuit Court of Appeals, and the denial of his § 2255 motion was affirmed on October 14, 1997.

In November 2004, Neff filed another § 2255 Motion claiming that he was charged pursuant to a defective indictment because the Court lacked venue and jurisdiction over the geographic location where the alleged criminal activity took place. Although he styled his pleading as a Petition for Common Law Writ of Habeas Corpus Ad Subjiciendum, a review of the Petition revealed that he was actually attempting to bring a successive collateral attack on his 1994 conviction and sentence. As Neff had not received a Certificate of Appealability from the Seventh Circuit Court of Appeals prior to filing his successive claim, this Court dismissed his claim for lack of jurisdiction.

In June 2005, Neff filed a Motion to Modify his Sentence Under 18 U.S.C. § 3582 arguing that his sentence should be reduced because certain amendments to the Sentencing Guidelines applied to his case. The Court denied his Motion on September 7, 2005.

Most recently, Neff has filed the two current Motions. Specifically, in his Rule 60(b) Motion, Neff asks this Court to review his sentence and the guideline under

which he was sentenced. Additionally, in his Motion to Clarify, Neff argues that the Sentencing Guidelines applicable to Career Offenders do not apply to his case.

## DISCUSSION

First, Neff's Motion to Compel How Title 18 U.S.C. § 924(e)/USSG § 4B1.4 Does Not Apply is stricken because the Motion is not signed. In accordance with this Court's Administrative Procedures and the Federal Rules of Civil Procedure, all pleadings must be signed.

Secondly, regarding Neff's Rule 60(b) Motion, the Seventh Circuit has previously addressed the filing of a Rule 60(b) motion under analogous circumstances and unambiguously concluded that "a post-judgment motion under Fed. R. Civ. P. 60(b) in the district court . . . is a 'second or successive' application for purposes of § 2244(b)." Burris v. Parke, 130 F.3d 782, 783 (7 th Cir. 1997). Otherwise, the requirements and limitations imposed by the Antiterrorism and Effective Death Penalty Relief Act, would be ineffectual. Id.

Thus, under the clearly established law of this circuit, Neff's Motion is nothing more than an attempt to avoid strictures of the procedural requirements of filing a second or successive motion under 28 U.S.C. § 2255. Accordingly, before this Court is able to consider Neff's claims, he must obtain an order from the Seventh Circuit Court of Appeals authorizing its filing. He is not, therefore, entitled to relief in this Court at this time, and his motion is dismissed for lack of jurisdiction. Furthermore, Neff should be aware that any additional motions attacking his conviction or sentence are not appropriate in this Court absent a Certificate of Appealability from the Seventh Circuit Court of Appeals unless Neff can meet the stringent requirements of 28 U.S.C. § 2244.

**CONCLUSION**

For the reasons set forth above, Neff's Motion for Relief pursuant to Rule 60(b), which the Court construes as a successive collateral attack under 28 U.S.C. § 2255, is DISMISSED for lack of jurisdiction and Neff's Motion to Clarify How Title 18 U.S.C. § 924(e)/USSG § 4B1.4 Does Not Apply is STRICKEN.

ENTERED this 5th day of December, 2005.

                                                              s/Michael M. Mihm
                                                                Michael M. Mihm
                                                    United States District Judge