### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 91-30043 |
| ) | |
| MARK L. NEFF ) | |
| ) | |
| Defendants. ) | |

### ORDER

Before the Court is Defendant Mark L. Neff's ("Neff") Motion to Modify Sentence Under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines § 1B1.11(b)(1) and United States Sentencing Guidelines Amendment 591. For the reasons that follow, Neff's Motion [#188] is DENIED.

### BACKGROUND

On August 5, 1994, this Court sentenced Neff to a term of 252 months imprisonment after finding him guilty for possession of a firearm by a felon under 18 U.S.C. § 922(g)(1) and sentenced under § 924(e)(1) as an armed career criminal. Neff was classified as a career offender under USSG § 4B1.4 and had an offense level of 33 and a criminal history category V, which carried a guideline range of 210–262 months.

Neff appealed his conviction to the United States Court of Appeals for the Seventh Circuit, challenging the denial of his motion to suppress evidence. On July 18, 1995, the Seventh Circuit issued its Order affirming this Court's decision. *See United States v. Neff*, 61 F.3d 906, 1995 WL 428175 (7th Cir. 1995) (unpublished order pursuant to Circuit Rule 53(b)(2)).

On April 22, 1996, Neff filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In his Motion, he raised essentially three issues: (1) this Court improperly classified him as an armed career criminal pursuant to 18 U.S.C. § 924(e); (2) Congress exceeded its authority under the Commerce Clause in enacting 18 U.S.C. § 922(g); and (3) appellate counsel rendered ineffective assistance on his direct appeal by not raising the first two issues. Neff's Motion was denied in its entirety on July 30, 1996. He pursued an appeal to the Seventh Circuit Court of Appeals, and the denial of his § 2255 motion was affirmed on October 14, 1997. *See Neff v. United States,* 129 F.3d 119 (7th Cir. 1997) (unpublished opinion).

In November 2004, Neff filed another § 2255 Motion claiming that he was charged pursuant to a defective indictment because the Court lacked venue and jurisdiction over the geographic location where the alleged criminal activity took place. Although he styled his pleading as a Petition for Common Law Writ of Habeas Corpus Ad Subjiciendum, a review of the Petition revealed that he was actually attempting to bring a successive collateral attack on his 1994 conviction and sentence. As Neff had not received a Certificate of Appealability from the Seventh Circuit Court of Appeals prior to filing his successive claim, this Court dismissed his motion for lack of jurisdiction.

In June 2005, Neff filed a Motion to Modify his Sentence Under 18 U.S.C. § 3582 arguing that his sentence should be reduced because certain amendments to the Sentencing Guidelines applied to his case. The Court denied his Motion on September 7, 2005.

Additionally, Neff filed a Motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on December 1, 2005, asking this Court to review his sentence and the guideline under which he was sentenced. This Court construed his motion as a second or successive §

2255 motion and dismissed for lack of jurisdiction because Neff did not receive authorization from the Seventh Circuit to bring a second or successive § 2255 petition.

Neff's current motion is a motion pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 591 to the United States Sentencing Guidelines.[1] Neff argues that this Court should reverse his sentence because Amendment 591 modified the Sentencing Guidelines and was made retroactive. Amendment 591, made effective November 1, 2000, was not in effect when Neff was initially sentenced. However, Amendment 591 does appear on the list of retroactively applicable sentencing guideline amendments set forth in USSG § 1B1.10(c), making it available for consideration in conjunction with § 3582(c)(2). Nonetheless, Amendment 591 has no bearing on Neff's case.

Section 1B1.1 of the Sentencing Guidelines Manual, entitled "Application Instructions," provides the step-by-step process for determining a defendant's sentence. The first step is to determine the offense guidelines of Chapter Two applicable to the defendant. Section 1B1.2 provides additional assistance with this step, by instructing the court to utilize the Statutory Index (found in Appendix A) to locate the statute that a defendant has been found guilty of violating. The Statutory Index then directs the court to a particular offense guideline section located in Chapter Two of the manual. The second step is to use that guideline section of Chapter Two to determine the defendant's base offense level. The third step is to apply any appropriate adjustments from relevant sections of Chapter Three. The court is then instructed to determine the defendant's criminal history category and any applicable adjustments from Chapter 4. Finally, the court utilizes Chapter 5 to determine the guideline range.

---

[1] As mentioned, Neff previously filed a motion pursuant to 18 U.S.C. § 3582(c)(2) in June of 2005. In a text only order, the Court denied the motion on September 7, 2005. However, because the Court inadvertently failed to explain its reasons for denying Neff's prior motion, the Court fully considered his current motion and issues the instant order to help Defendant Neff understand why Amendment 591 does not entitled him to relief.

Prior to Amendment 591, the circuit courts were conflicted as to whether, in completing the first step, a court could use a defendant's *conduct,* rather than the Statutory Index organized by *offense of conviction,* to determine which guideline section of Chapter Two to apply. For example, some courts were applying the guidelines set forth in § 2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals) when underlying facts existed indicating that the defendant involved a juvenile in a drug sale, even though the Statutory Index entry for the offense the defendant was actually *convicted of* did not direct the court to use § 2D1.2. As explained in the comments accompanying Amendment 591, the amendment adjusted the language of § 1B1.1 and § 1B1.2 to make clear that a court "must apply the offense guideline referenced in the Statutory Index for the statute of conviction," unless a limited exception applied. USSG App. C, vol. II, at 31.

Neff claims that the Court did not properly begin by referencing the Statutory Index for his offense. As support for his argument, Neff points to the fact that the 1990 version of the Sentencing Guidelines Manual did not list 18 U.S.C. § 924(e) in the Statutory Index. From this, Neff concludes that the Court did not begin by referencing the Statutory Index and therefore the Court did not properly adhere to the requirements of Amendment 591. Neff's conclusion is incorrect.

A review of the Pre-Sentence Report ("PSR") generated by the Probation Department clearly describes how the guideline range was determined. The PSR states that the guideline for an 18 U.S.C. § 922(g)(1) offense is found at U.S.S.G. § 2K2.1(a)(2), which provides for a base offense level of 12. The level was then increased by two levels pursuant to § 2K2.1(b)(2) because the firearm involved had an obliterated serial number. Only then did the Court refer to Chapter 4 to determine if any of the Chapter 4 enhancements applied in Neff's case. At this

point, the Court determined that Neff was subject to an enhanced sentence under 18 U.S.C. § 924(e)(1) because he had at least three prior felony convictions.  Accordingly, Neff was found to be an armed career criminal pursuant to U.S.S.G. § 4B1.4(a), which carries an offense level of 33 and Neff was sentenced pursuant to that offense level.

This computation makes clear that Amendment 591 cannot possibly offer Neff any relief because his sentence was imposed in compliance with the later mandate of Amendment 591. The Court applied § 2K2.1, as the Chapter 2 offense guideline for Neff's crime, just as it would have been required to do if Amendment 591 had been in place already.  And, contrary to Neff's belief, Amendment 591 did not prohibit the Court from utilizing the Chapter 4 enhancements to calculate his total offense level.  Amendment 591 merely requires the Court to being its inquiry by selecting the offense guideline according to the Statutory Index.  Because the Court adhered the requirements of Amendment 591, 18 U.S.C. § 3582(c)(2) does not entitle Neff to a reduction of his sentence.

## CONCLUSION

For the reasons set forth above, Neff's Motion to Modify his Sentence pursuant to 18 U.S.C. § 3582(c)(2) [#188] is DENIED.

Entered this 6th day of March, 2006.

                                                                        s/Michael M. Mihm
                                                                        Michael M. Mihm
                                                                        United States District Judge