E-FILED
Wednesday, 05 April, 2006 03:00:59 PM
Clerk, U.S. District Court, ILCD

FILED
APR 0 5 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
(PEORIA DIVISION)

UNITED STATES OF AMERICA, )
Plaintiff-Respondent, )
)
)
vs. ) Case No. 91-CR-30043MMM
)
)
MARK L. NEFF, )
Defendant-Petitioner. )

### MOTION TO MODIFY SENTENCE UNDER 18 USC §3582(c)(2) AND UNITED STATES SENTENCING GUIDELINES §1B1.11(b)(1) AND UNITED STATES SENTENCING GUIDELINES AMENDMENT 591

Comes now, Mark L. Neff, Defendant-Petitioner, pro se, and states the following for support of this motion to modify the sentence:

Petitioner directs this Courts attention to APPENDIX C of the United States Sentencing Guidelines(USSG) Manual, 2005 edition.

APPENDIX C <u>Amendments To The Guidelines</u>, ¶2, states:

"The format under which the amendments are presented in this Appendix is designed to facilitate a comparission between previously existing and amended provisions, in the event it becomes necessary to reference the former guideline, policy statement, or commentary language."

Petitioner cites Amendment 591, as listed in USSG §1B1.10(c), as an applicable amendment as a basis for a modification to the sentence. See: USSG §1B1.10, Comment., Background.

### AMENDMENT 591

Amendment 591, pursuant to Amendment 607, was made retroactive by the Sentencing Commission and stated the following:

**Reason for Amendment:**

"...In promulgating this amendment, the Commission also was aware of case law that raises a similar issue regarding selection of a Chapter Two(Offense Conduct) guideline, different from that referenced in the Statutory Index(Appendix-A), based on factors other than the conduct charged in the offense of conviction."

**§1B1.2(b)** states:

"Determine the offense level and apply the appropriate specific offense characteristics, cross references, and special instructions contained in the particular guideline in Chapter Two in the order listed."

Petitioner states that Amendmenmt 591 is applicable to this case because an incorrect guideline has been utilized in determining the sentence in this case.

Petitioner states the following in support for this Amendment's application:

1. The United States Probation Department informed this Court that the 1990 USSG Manual was being used to determine the sentence in this case. **See: Exhibit 1.**

2. Petitioner states that the Guideline, §4B1.4, was erroneously cited as applicable to determine the sentence. The USSG 1990 Manual does not list §4B1.4 in the Statutory Index. **See: Exhibit 2.**

3. The USSG Manual states at §1B1.11(b)(1):

" 2. Under Subsection (b)(1), the last date of the offense of conviction is the controlling date for ex post facto purposes. For example, if the offense of conviction (i.e., the conduct charged in the indictment or information of which the defendant was convicted) was determined by the court to have been committed between Oct.15,1991 and Oct. 28,1991, the date of Oct.28,1991 is the controlling date for ex post facto purposes."

Background:

"Subsections (a) and (b)(1) provide that the court should apply the Guidelines Manual in effect on the date the defendant is sentenced **unless** the court determines that doing so would violate the ex post facto clause of Art.1,§9 of the United States Constitution."

"Subsection (b)(2) provides that the Guidelines Manual in effect on a particular date **shall** be applied in its entirety."

See: Amendment 474, effective Nov.1,1993.

Petitioner requests that this Court take NOTICE that §4B1.4

2

is not listed in the 1990 USSG Manual's Statutory Index(Appendix-A).

§1B1.7 <u>Significance of Commentary</u> states:

> " The Commentary that accompanies the guideline sections may serve a number of purposes. ...Failure to follow such commentary could constitute an incorrect application of the guidelines,subjecting the sentence to possible reversal on appeal. ..."

In this case,the U.S. Probation Department informed this court that §4B1.4 was applicable for determining the relevent sentencing range. This assertion was incorrect because this Guideline is not listed in the 1990 USSG Manual's Statutory Index.

The information supplied by the U.S. Probation Department is found in the amended 1991 USSG Manual. This Manual(1991) is not applicable to determine the relevent sentencing range as the Presentence Report cites the 1990 Manual as the Manual used to determine the sentence. **See: Exhibit 1.**

According to §1B1.11(a) and (b)(1) and moreso (b)(2) states that the court is to apply the Guidelines Manual in effect on a particular date shall be applied in its entirety.

It is obvious that two different Manuals were used to determine the relevent sentencing range in this case and according to §1B1.7, the sentence is subject to reversal since it is imposed under an incorrect application of the guidelines.

The court was allowed to impose a sentence within the guideline range provided,but,was restricted from going beyond the statutory maximum under §5G1.1(c),which states:

> "In any other case,the sentence may be imposed at any point within the applicable guideline range,provided that the sentence---
>
> (1)  is not greater than the statutorily authorized maximum sentence..."

3

Commentary:
> "...If the applicable guideline range is 51-63 months and the maximum sentence authorized by statute for the offense is 60 months, <u>the guideline range is restricted to 51-60 months under Subsection (c).</u>" (emphasis added).

The court is allowed to excercise its sentencing authority under §6A1.1. The court is required to explain its findings on the record when determining a sentence just in case the sentence is challenged on appeal.

In this case, the court stated that it was imposing the sentence pursuant to the Sentencing Reform Act of 1984 and the sentencing guidelines as amended November 1,1991, and proceeded to impose the sentence of 252 months and 5 years supervised release. **See: Exhibit 3.**

4. Petitioner states that the sentence is imposed under the wrong guideline as §4B1.4 is not listed in the 1990 USSG Manual's Statutory Index.

Title 18 USC §922(g)(1) was a Class D felony by the statutory maximum being no more than five years. The authorized term of supervised release is no more than 3 years. By a term of five years being imposed, the sentence, in part, is imposed beyond the legal authorized term.

### HOW AMENDMENT 591 APPLIES TO THIS CASE

The reason for Amendment 591's enactment was to emphasis to the sentencing court that it must apply the offense guideline referenced in the Statutory Index.

In this case, the court was supplied incorrect information about the applicable guideline relevent for determining the sentence range.

The 1990 USSG Manual must be used in the determination of the sentencing range because to apply the amended 1991 Manual causes the sentence to be imposed in violation of the <u>ex post facto</u> clause of Art.1;§9 of the U.S.Constitution.

4

The Judgment In A Criminal Case document issued by this Court shows that this Petitioner was sentenced under Title 18 USC §924(e)(1) and by the sentence imposed under said statute and USSG §4B1.4, this is a perfect case for the application of Amendment 591.

The Court has imposed the sentence under an incorrect guideline and has imposed the term of supervised release under a Class A felony when the Class of felony this Petitioner was convicted under is a Class D felony and the authorized maximum term of supervised release for this Class is no more than 3 years.

Petitioner does challenge the information in the PSR under Fed.R. Crim.P. Rule 32(c)(1) through (4).

USSG §5C1.1(a) states that, "[a] sentence conforms with the guidelines for imprisonment if it is within the minimum and maximum terms of the applicable guideline range."

In this case, the applicable guideline range is 33-41 months, Base Offense Level 14, Criminal History Category 5.

By the sentence being imposed outside the applicable guideline range and in violation of the <u>ex post facto</u> clause of the U.S. Const., Amendment 591 does lower the sentencing range for this Petitioner and in the interst of justice and the Law, Petitioner requests this Court to GRANT this motion and modify the sentence according to Law.

Dated: _April 3rd_, 2006.                     Respectfully submitted,

                                              _Mark L. Neff_
                                              Mark L. Neff, Pro Se.

## PROOF OF SERVICE

The Undersigned hereby certifies that a true and correct copy of the foregoing was mailed by the U.S. Postal Service, postage prepaid and addressed properly to:
ESTABAN F. SANCHEZ, AUSA, 318 South 6th St., Springfield, Il 62701;
Congressman Lane Evans, 2211 Rayburn House Office Bldg., Wa, D.C. 20515
this _3rd_ day of April, 2006.

                                              _Mark L. Neff_
                                              Mark L. Neff 09244-026
                                              P.O. Box 5000
                                              Greenville, IL 62246

5

Re: NEFF, Mark L.

this offense. Therefore, the two-point adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 is not warranted.

**Offense Level Computation**

17. The 1990 edition of the <u>Guidelines Manual</u> has been used in this case.

18. **Base Offense Level:** The guideline for an 18 U.S.C. § 922(g)(1) offense is found at U.S.S.G. § 2K2.1(a)(2), which provides for a base offense level of 12.   12

19. **Specific Offense Characteristic:** Pursuant to U.S.S.G. § 2K2.1(b)(2), if the firearm was stolen or had an altered or obliterated serial number, increase by two levels. The firearm in this case had an obliterated serial number; therefore, the offense level is increased by two levels.   +2

20. **Victim-Related Adjustments:** There is no victim in the instant offense as defined in U.S.S.G. § 3A. Therefore, no adjustment applies.   0

21. **Adjustment for Role in the Offense:** There is no role adjustment in the instant offense as defined in U.S.S.G. § 3B. Therefore, no adjustment applies.   0

22. **Adjustment for Obstruction of Justice:** No adjustments apply under U.S.S.G. § 3C.   0

23. **Adjusted Offense Level** (Subtotal):   14

24. **Adjustment for Acceptance of Responsibility:** The defendant has not demonstrated an affirmative acceptance of responsibility or recognition of personal responsibility for his criminal conduct; therefore, he is not given a two-level reduction pursuant to U.S.S.G. § 3E1.1.   0

25. **Total Offense Level:**   14

26. **Chapter Four Enhancements:** Since the defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e)(1) by way of having at least three prior felony convictions, he is an armed career criminal pursuant to U.S.S.G. § 4B1.4(a). That section provides for an offense level of 33, pursuant to U.S.S.G. § 4B1.4(b)(3)(B).   33

27. **Total Offense Level After Enhancements:**   33

# FEDERAL SENTENCING GUIDELINES MANUAL

### 1990 EDITION

## UNITED STATES SENTENCING COMMISSION

### Effective November 1, 1987

*Including*

**November 1, 1989 Amendments to Guidelines
— With Highlights Feature —
Revised Sentencing Worksheets
Criminal Rule Amendments
Table of Cases Applying Guidelines
Revised Model Sentencing Forms**

*The publisher will provide updated revisions of the Federal Sentencing Guidelines, Official Commentaries, and other related materials as issued.*

**ST. PAUL, MINN.
WEST PUBLISHING CO.
1989**

Exhibit 2 (5 pages)

# APPENDIX A - STATUTORY INDEX

## INTRODUCTION

This index specifies the guideline section or sections ordinarily applicable to the statute of conviction. If more than one guideline section is referenced for the particular statute, use the guideline most appropriate for the nature of the offense conduct charged in the count of which the defendant was convicted. If, in an atypical case, the guideline section indicated for the statute of conviction is inappropriate because of the particular conduct involved, use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted. (See §1B1.2.)

If the offense involved a conspiracy or an attempt, refer to §2X1.1 as well as the guideline for the substantive offense.

For those offenses not listed in this index, the most analogous guideline is to be applied. (See §2X5.1.)

The guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction. (See §1B1.9.)

Historical Note: Effective November 1, 1987. Amended effective November 1, 1989 (see Appendix C, amendments 296 and 297).

## INDEX

| Statute | Guideline |
|---|---|
| 7 U.S.C. § 6 | 2F1.1 |
| 7 U.S.C. § 6b(A) | 2F1.1 |
| 7 U.S.C. § 6b(B) | 2F1.1 |
| 7 U.S.C. § 6b(C) | 2F1.1 |
| 7 U.S.C. § 6c | 2F1.1 |
| 7 U.S.C. § 6h | 2F1.1 |
| 7 U.S.C. § 6o | 2F1.1 |
| 7 U.S.C. § 13(a) | 2B1.1 |
| 7 U.S.C. § 13(b) | 2F1.1 |
| 7 U.S.C. § 13(c) | 2F1.1 |
| 7 U.S.C. § 13(e) | 2F1.2 |
| 7 U.S.C. § 23 | 2F1.1 |
| 7 U.S.C. § 87b | 2N2.1 |
| 7 U.S.C. § 136 | 2Q1.2 |
| 7 U.S.C. § 136j | 2Q1.2 |
| 7 U.S.C. § 136k | 2Q1.2 |
| 7 U.S.C. § 149 | 2N2.1 |

# APPENDIX A

| Statute | Guideline |
|---|---|
| 18 U.S.C. § 876 | 2A4.2, 2A6.1, 2B3.2, 2B3.3 |
| 18 U.S.C. § 877 | 2A4.2, 2A6.1, 2B3.2, 2B3.3 |
| 18 U.S.C. § 878(a) | 2A6.1 |
| 18 U.S.C. § 878(b) | 2B3.2 |
| 18 U.S.C. § 879 | 2A6.1 |
| 18 U.S.C. § 892 | 2E2.1 |
| 18 U.S.C. § 893 | 2E2.1 |
| 18 U.S.C. § 894 | 2E2.1 |
| 18 U.S.C. § 911 | 2F1.1, 2L2.2 |
| 18 U.S.C. § 912 | 2J1.4 |
| 18 U.S.C. § 913 | 2J1.4 |
| 18 U.S.C. § 914 | 2F1.1 |
| 18 U.S.C. § 922(a)(1)-(5) | 2K2.3 |
| 18 U.S.C. § 922(a)(6) | 2K2.1 |
| 18 U.S.C. § 922(b)(1)-(3) | 2K2.3 |
| 18 U.S.C. § 922(d) | 2K2.3 |
| 18 U.S.C. § 922(g) | 2K2.1 |
| 18 U.S.C. § 922(h) | 2K2.1 |
| 18 U.S.C. § 922(i) | 2B1.2, 2K2.3 |
| 18 U.S.C. § 922(j) | 2B1.2, 2K2.3 |
| 18 U.S.C. § 922(k) | 2K2.3 |
| 18 U.S.C. § 922(l) | 2K2.3 |
| 18 U.S.C. § 922(n) | 2K2.1 |
| 18 U.S.C. § 923 | 2K2.3 |
| 18 U.S.C. § 924(c) | 2K2.4 |
| 18 U.S.C. § 929(a) | 2K2.4 |
| 18 U.S.C. § 930 | 2K2.5 |
| 18 U.S.C. § 1001 | 2F1.1 |
| 18 U.S.C. § 1002 | 2F1.1 |
| 18 U.S.C. § 1003 | 2B5.1, 2B5.2, 2F1.1 |
| 18 U.S.C. § 1004 | 2F1.1 |
| 18 U.S.C. § 1005 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1006 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1007 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1008 | 2F1.1, 2S1.3 |

# SENTENCING GUIDELINES

**§4B1.3.   Criminal Livelihood**

If the defendant committed an offense as part of a pattern of criminal conduct engaged in as a livelihood, his offense level shall be not less than 13, unless §3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall be not less than 11.

*Commentary*

*Application Notes:*

1. "Pattern of criminal conduct" means planned criminal acts occurring over a substantial period of time. Such acts may involve a single course of conduct or independent offenses.

2. "Engaged in as a livelihood" means that (1) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law (currently 2,000 times the hourly minimum wage under federal law is $6,700); and (2) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period (e.g., the defendant engaged in criminal conduct rather than regular, legitimate employment; or the defendant's legitimate employment was merely a front for his criminal conduct).

*Background:*  Section 4B1.3 implements 28 U.S.C. § 994(i)(2), which directs the Commission to ensure that the guidelines specify a "substantial term of imprisonment" for a defendant who committed an offense as part of a pattern of criminal conduct from which he derived a substantial portion of his income.

*Historical Note:*  Effective November 1, 1987. Amended effective June 15, 1988 (see Appendix C, amendment 50); November 1, 1989 (see Appendix C, amendment 269).

## TABLE OF CASES
3E1.1 comment—704 F.Supp. 175
3E1.1 comment—710 F.Supp. 1293
3E1.1 note—880 F.2d 612
3E1.2—872 F.2d 735

### CHAPTER FOUR—CRIMINAL HISTORY AND CRIMINAL LIVELIHOOD

**Part A: Criminal History**

4A comment—873 F.2d 765
4A1.1—872 F.2d 597
4A1.1—874 F.2d 43
4A1.1—874 F.2d 466
4A1.1—875 F.2d 1110
4A1.1—691 F.Supp. 656
4A1.1—691 F.Supp. 1036
4A1.1—708 F.Supp. 461
4A1.1—712 F.Supp. 707
4A1.1(a)—709 F.Supp. 1064
4A1.1(b)—868 F.2d 698
4A1.1(d)—877 F.2d 251
4A1.1(d)—879 F.2d 811
4A1.1(d)—710 F.Supp. 106
4A1.1(d)—711 F.Supp. 736
4A1.1(d)—716 F.Supp. 1207
4A1.1(e)—877 F.2d 251
4A1.1(e)—879 F.2d 811
4A1.1(e)—710 F.Supp. 106
4A1.1 et seq—868 F.2d 1541
4A1.1 et seq—879 F.2d 811
4A1.1 et seq—684 F.Supp. 1506
4A1.1 et seq—684 F.Supp. 1535
4A1.1 et seq—686 F.Supp. 1174
4A1.1 et seq—709 F.Supp. 908
4A1.1 comment—869 F.2d 822
4A1.1 comment—875 F.2d 1110
4A1.1 comment—879 F.2d 811
4A1.2—868 F.2d 122
4A1.2—879 F.2d 410
4A1.2—694 F.Supp. 1488
4A1.2—709 F.Supp. 908
4A1.2(a)(2)—875 F.2d 1110
4A1.2(c)(2)—871 F.2d 513
4A1.2(c)(2)—881 F.2d 684
4A1.2(e)—868 F.2d 122
4A1.2(e)(1)—868 F.2d 122
4A1.2(e)(2)—868 F.2d 122
4A1.2(e)(2)—871 F.2d 513
4A1.2 comment—694 F.Supp. 1488
4A1.2 comment—709 F.Supp. 908
4A1.2 comment—875 F.2d 1110
4A1.3—868 F.2d 122
4A1.3—868 F.2d 128
4A1.3—869 F.2d 54
4A1.3—871 F.2d 513
4A1.3—872 F.2d 597
4A1.3—873 F.2d 765
4A1.3—874 F.2d 43
4A1.3—874 F.2d 466
4A1.3—876 F.2d 784
4A1.3—877 F.2d 664
4A1.3—878 F.2d 50
4A1.3—879 F.2d 1247
4A1.3—694 F.Supp. 1488
4A1.3—706 F.Supp. 331
4A1.3—712 F.Supp. 707
4A1.3—712 F.Supp. 1327
4A1.3(a)—694 F.Supp. 1488
4A1.3(b)—868 F.2d 128
4A1.3(b)—879 F.2d 1247
4A1.3(d)—868 F.2d 54
4A1.3(d)—869 F.2d 54
4A1.3(d)—874 F.2d 466
4A1.3(e)—868 F.2d 128
4A1.3(e)—874 F.2d 466
4A1.3(e)(4)—874 F.2d 466
4A1.3 comment—712 F.Supp. 1327

**Part B: Career Offenders and Criminal Livelihood**

4B1.1—835 F.2d 1195
4B1.1—873 F.2d 495
4B1.1—873 F.2d 709
4B1.1—875 F.2d 143
4B1.1—875 F.2d 1110
4B1.1—879 F.2d 541
4B1.1—881 F.2d 155
4B1.1—881 F.2d 973
4B1.1—694 F.Supp. 1488
4B1.1—708 F.Supp. 461
4B1.1—715 F.Supp. 261
4B1.2—875 F.2d 143
4B1.2—687 F.Supp. 1329
4B1.2—704 F.Supp. 1398
4B1.2—715 F.Supp. 261
4B1.2(1)—875 F.2d 1110
4B1.2(1)—881 F.2d 973
4B1.2(1)—704 F.Supp. 1398
4B1.2(3)—875 F.2d 1110
4B1.2 note 1—835 F.2d 1195
4B1.3—873 F.2d 495
4B1.3—686 F.Supp. 1174
4B1.3—694 F.Supp. 1105
4B1.3—694 F.Supp. 1488

### CHAPTER FIVE—DETERMINING THE SENTENCE

**Part A: Sentencing Table**

5A Sentencing Table—838 F.2d 932
5A Sentencing Table—855 F.2d 925
5A Sentencing Table—860 F.2d 35
5A Sentencing Table—867 F.2d 222
5A Sentencing Table—868 F.2d 1541
5A Sentencing Table—868 F.2d 1121
5A Sentencing Table—868 F.2d 1390
5A Sentencing Table—869 F.2d 54
5A Sentencing Table—872 F.2d 735
5A Sentencing Table—878 F.2d 164
5A Sentencing Table—882 F.2d 474
5A Sentencing Table—684 F.Supp. 1506
5A Sentencing Table—684 F.Supp. 1535

```
 1             In any event, you have a very substantial pattern
 2   of criminal activity, including escapes, and I think you're a
 3   dangerous person and I think the career criminal label
 4   probably is an accurate one.  I could simply just reimpose
 5   the earlier sentence imposed against you.  I'm not going to
 6   do that, although I'm going to come close to it.
 7             Pursuant to the Sentencing Reform Act of 1984 and
 8   the sentencing guidelines as amended November 1, 1991, it is
 9   the judgment of the Court that you be committed to the
10   custody of the Bureau of Prisons to be imprisoned for a term
11   of 252 months, which is 21 years.  Based on your financial
12   profile, it does not appear that you have the ability to pay
13   a fine.  No fine is imposed.
14             Upon release from imprisonment, you shall be placed
15   on supervised release for a term of 5 years.  Within 72 hours
16   of release from the custody of the Bureau of Prisons, you
17   shall report in person to the probation office in the
18   district to which you are released.
19             While on supervised release, you shall not commit
20   any federal, state or local crimes.  You shall comply with
21   the standard conditions of supervised release as recommended
22   by the U.S. Sentencing Commission.  In addition to the
23   standard conditions of supervised release, the following
24   special conditions are imposed.
25             Number one:  You shall at the direction of the
```

EXHIBIT 3

AO 245 S (Rev. 4/90)(ILC. rev.) Sheet 1  Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Central District of Illinois

**FILED AUG 5 1994**

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

v.   Case Number CR 91-30043-01

MARK L NEFF
    Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, MARK L NEFF, was represented by Thomas Iben.

The defendant was found guilty on count(s) 1 after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:922(g)(1) & 924(e)(1) | Possession of a firearm by a felon | 4/25/91 | 1 |

As pronounced on 08/05/94, the defendant is sentenced as provided in pages 2 through 8 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 50.00, for count(s) 1, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 5th day of August, 1994.

*/s/ Michael M. Mihm*
MICHAEL M. MIHM
Chief U S District Judge

EXHIBIT 3   pages 1,2

Defendant's SSAN:
Defendant's Date of Birth:
Defendant's address: IN CUSTODY

J. M. WATERS, CLERK
*/s/ Connie Lamlue*
DEPUTY CLERK
DISTRICT COURT
DISTRICT OF ILLINOIS
8-8-94

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JUN 2 0 1991

JOHN M. WATERS, Clerk
U. S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | CRIMINAL NO. 91-30043 |
| MARK L. NEFF, ) | VIO: Title 18, United States Code, Section 922(g)(1) |
| Defendant. ) | |

## INDICTMENT

The Grand Jury Charges:

That on April 25, 1991, in the Central District of Illinois, the defendant,

**MARK L. NEFF**

knowingly possessed, in or affecting commerce, a firearm being a H. and R., Model 929, 22 caliber revolver after said defendant having been previously convicted of the felony offense of burglary in Greene County, Illinois Circuit Court on August 3, 1984, in #84CF40.

In violation of Title 18, United States Code, Section 922(g)(1).

A TRUE BILL

*(signature)*

Foreperson

*(signature: J. William Roberts by Byron Cudmore)*

J. WILLIAM ROBERTS
United States Attorney

EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) Plaintiff, ) ) v. ) ) MARK L. Neff, Defendant. ) | Case No. 91-30043 |

| | |
|---|---|
| STATE OF ILLINOIS<br>COUNTY OF BOND | SS: **AFFIDAVIT OF MARK L. NEFF** |

Comes now the Defendant in the abovestyled action, Mark L. Neff, and, after being duly sworn, deposes and says:

1. That he is representing himself in the abovestyled action without assistance of counsel.

2. That Defendant was not informed at any time prior, during, or after prosecution in this case that he was going to be sentenced in violation of the <u>ex post facto</u> clause of Article I, § 9 of the Constitution and in procedural error of the United States Sentencing Guidelines (USSG) §1B1.11(b)(1) and (2).

3. The Grand Jury, sitting in Springfield, IL, indicted the Defendant on a one-count indictment charging that on April 25, 1991, Defendant committed the offense violation of 18 USC §922(g)(1).

4. The Defendant was denied his fundamental rights under the Constitution when CJA appointed Counsels, Timothy Londrigan and Thomas Iben, both failed to inform the Sentencing Court Judges, Richard M. Mills and Michael M. Mihm, that a violation would occur if the Defendant was sentenced under a statute that was not in effect at the time of the alleged commission of the offense.

5. Both district court judges, Richard M. Mills and Michael M. Mihm, violated the Defendant's fundamental rights to due process when they failed to make a judicial record on why they were going to apply a statute for sentencing purposes that became effective after the Defendant was indicted and the relevent date for ex post facto purposes is the last date cited in the indictment. In this case, April 25, 1991. The statute used for sentencing did not become effective until Nov. 1, 1991. This failure constitutes a denial of due process of the Fifth Amendment and resulted in an incorrect application of the Guidelines, §§§§§ 1B1.1(a), 1B1.2(a), 1B1.7, 1B1.11(b)(1) and (2), 5G1.1(c)(1) and Art. I, § 9 of the Constitution for the United States.

6. Defendant believes his fundamental rights were intentionally violated by all participants in the prosecution against him and believes that this infringement on his rights can and should be retified under the law and in the interest of justice.

7. That Defendant Mark L. Neff is entitled in law to have a judgment entered in his favor and halt this continued illegal incarceration that has continually been suffered since April 25, 1996, as the statutory maiximum sentence available under law, then, was Five years.

**AFFIANT FURTHER SAYETH NAUGHT**
Done this 3rd day of April, 2006.

Respectfully submitted,

Mark L. Neff, Pro Se
09244-026, P.O. Box 5000
Greenville, IL 62246

COPIES FURNISHED TO:
Clerk of the Court
AUSA ESTABAN F. SANCHEZ
Congressman Lane Evans

2