UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

UNITED STATES OF AMERICA, )
        Plaintiff, )
        )
v.         )   Case No. 91-30043
        )
MARK L. NEFF,     )
        Defendant. )

**MOTION FOR DISQUALIFICATION OF JUDGE MICHAEL M. MIHM
IN CASE NO. 91-30043 PURSUANT TO 28 USC §455(a)(b)(1)**

Comes now the Defendant/Petitioner, Mark L. Neff, pro se, and states the following for this motion:

1. Judge Michael M. Mihm was assigned to Case No. 91-30043 on 01/21/94 pursuant to an ORDER issued by district court judge Richard M. Mills of the Springfield Division of the Central District of Illinois.

2. Judge Mihm assumed the role of Presiding Judge.

3. Judge Mihm had knowledge that an **ex post facto** issue was involved in this case as judge Mills had sentenced this Defendant under Title 18 USC §924(e)(1)/USSG §4B1.4(b)(3)(B) in the judgment that had been overturned by the Circuit Court for a blatant violation of the Sixth Amendment and Rule 43(a) of the Fed.R.Crim.P. **See: US v NEFF, 10 F3d 1321 (7th Cir 1993).**

4. Judge Mihm took an Oath of Office pursuant to 28 USC §453, date unknown, and, in this case, wilfully and maliciously violated that Oath by entering into a conspiracy with U.S. Attorney FRANCES C. HULIN, AUSA ESTABAN F. SANCHEZ, U.S. Chief Probation Officer John P. Meyer, U.S. Probation Officer Kathy Bowman, ATF Agent John York, and CJA attorney Thomas Iben in violation of Title 18 USC §241 and §242 by entering on the Record documents and or a statement that intentionally and maliciously infringed upon this Defendant's fundamental constitutional rights as guaranteed by

the Constitution for the United States.

5. Said conspiracy, under Title 18 USC §§ 241 & 242, involved the sentencing of this Defendant/Petitioner under a Statute/USSG Guideline that violated the ex post facto clause of **Article I, Section 9** of the Constitution for the United States.

6. This conspiracy involved intentional misapplication of law and the USSG §1B1.11(b)(1)(2). **See: Amendment 474(eff.Nov.1,1993).**

7. The relevant date for ex post facto purposes, in this case, is 4/25/91. **See: Exhibit 2.**

8. The USSG Manual in effect on this date was the 1990 Edition and was correctly cited as so by U.S. Probation Officer Kathy Bowman. **See: Exhibit 3.**

9. U.S. Probation Officer Kathy Bowman entered into a conspiracy with judge Mihm by stating that Defendant was eligible for an enhanced sentence under Title 18 USC §924(e)(1)/USSG §4B1.4(b)(3)(B)**[See:Exhibit 3]** and this was intentionally misstated as, neither, 18 USC §924(e)(1) nor USSG §4B1.4(b)(3)(B) is listed in the Statutory Index(APPENDIX A) of the 1990 USSG Manual. **See: Exhibit 1.**

10. U.S. Attorney FRANCES C. HULIN and AUSA attorney ESTABAN F. SANCHEZ entered into a conspiracy with judge Mihm by filing a document entitled INFORMATION CHARGING PRIOR OFFENSES with the effect of having this Defendant/Petitioner sentenced under 18 USC §924(e)(1)/USSG §4B1.4(b)(3)(B) knowingly in violation the Art.I,Sect.9 of the Constitution and in procedural error of USSG §1B1.11(b)(1)(2) in mailicious intent to infringe on this Defendant/Petitioner's fundamental constitutional rights as guaranteed by the Constitution for the United States.

11. Judge Mihm should have denied this motion as it was premised on

a violation of the ex post facto clause of Art.I,Sect.9 and in procedural violation of §1B1.11(b)(1)(2),yet,he wilfully and intentionally granted this motion in violation of the Constitution and his Oath of Office to the detriment of this Defendant/Petitioner's fundamental right to liberty as guaranteed by the Fifth Amendment to Constitution for the United States. **See: Exhibit 4.**

12. CJA attorney Thomas Iben entered into a conspiracy with judge Mihm by his silence of not informing judge Mihm,in open court and on the record,that to apply this statute/USSG Guideline an ex post facto violation would occur and this Defendant/Petitioner's fundamental rights would be violated and said sentence would be overturned pursuant to an incorrect application of the Guidelines pursuant to §1B1.7/18 USC §3742.

Yet,by CJA attorney Thomas Iben's silence,this conspiracy worked to effect an infringement upon this Defendant/Petitioner's Fifth Amendment right to liberty as guaranteed by the Constitution for the United States.

13. CJA attorney Thomas Iben wilfully left out of "APPELLANT'S BRIEF" the issue challenging the application of the ARMED CAREER CRIMINAL to Defendant/Petitioner's sentence and was resoundly rebuffed by the Seventh Circuit Panel when he attempted to have it included "because he forgot to include in the Brief after swearing the Brief was accurate and complete". **See: Exhibit 6.**

14. As the Record in this case clearly shows,judge Mihm entered into a conspiracy with all named participants by the documents entered into the Record,all to the express detriment of this Defendant/Petitioner's fundamental rights to liberty as guaranteed by the Constitution for the United States.

15. Judge Mihm entered into a live conspiracy,that continues to exist

today, to maliciously infringe upon this Defendant/Petitioner's liberty interest in violation of Article I, Section 9, the Fifth Amendment, the Eighth Amendment and in wilfull and intentional misapplication of the Guidelines when he stated on the Record, August 5, 1994, that he was going to apply the amended 1991 Guidelines and promptly sentenced this Defendant/Petitioner to 252 months and 5 years of supervised release. **See: Exhibit 5.**

## IN CONCLUSION

Judge Mihm entered into a conspiracy with each named participant in this motion, in violation of Title 18 USC §§241 & 242 and Title 28 USC §453, when he sentenced this Defendant/Petitioner to an ex post facto violation sentence knowingly, wilfully, and maliciously with the intent to infringe upon guaranteed fundamental rights as imbedded in the Constitution for the United States.

Judge Mihm could have denied the assertions by the U.S Attorney Office, the U.S. Probation Office by relying on **WEAVER V GRAHAM, 450 US 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17(1981)**, where the Supreme Court said that to violate the ex post facto clause, a penal law "must be retrospective. It must apply to events occurring before its enactment, and it **must disadvantage the offender affected by it.**" Judge Mihm failed to apply the stare decisis of the Supreme Court, therefore, completing the conspiracy with each named participant to the detriment of this Defendant/Petitioner.

Judge Mihm failed to apply Circuit law when this Circuit had issued an opinion on ex post facto issue(s). See: **US v KORANDO, 29 F.3d 1114(7th Cir 1994).** This case was decided almost 30 days prior to Judge Mihm's pronouncement of sentence, yet, he failed to apply Circuit law to the detriment of Defendant/Petitioner's fundamental rights to liberty in vio-

lation of his Oath of Office to uphold the Constitution.

The authorized maximum sentence allowed under law for a violation of Title 18 USC §922(g)(1), of which Defendant was found guilty of after a second trial[jury], was 5 years.

Defendant Mark L. Neff, faced a maximum sentence of 5 years for this conviction and said 5 year sentence would have expired on or about 4/25/1996. Yet, because judge Mihm entered into a conspiracy with all named participants in this motion, Defendant was sentenced to 252 months(21 years) and this conspiracy has worked to effectively infringe upon this Defendant's fundamental right to liberty and has worked to keep this Defendant illegally and unconstitutionally imprisoned for almost 10 years to date.

**WHEREFORE**, Defendant/Petitioner, Mark L. Neff, requests that this motion be GRANTED and for judge Mihm to be disqualified to set as Presiding Judge in Case No. 91-30043 for his culpability in the conspiracy he knowingly and actively participated in against this Defendant. **See:** **US v POLSON**, 285 F.3d 563(7th Cir 2002).

Dated: April 11th, 2006.

Mark L. Neff, Pro Se.
09244-026, P.O. Box 5000
FCI-GREENVILLE
Greenville, IL 62246

**PROOF OF SERVICE**

I, the Undersigned, hereby certify that I mailed a true copy by U.S. Mail to:

ESTABAN F. SANCHEZ, AUSA
318 South 6th St.
Springfield, Il 62701

Clerk of Court
Seventh Circuit Court
of Appeals
219 South Dearborn st.
Chicago, Il 60604
"JUDICIAL MISCONDUCT COMPLAINT"

Congressman Lane Evans
2211 Rayburn House
Office Bldg.
Wash, D.C. 20515

this 11th day of April, 2006.

Mark L. Neff

5

# FEDERAL SENTENCING GUIDELINES MANUAL

## 1990 EDITION

### UNITED STATES SENTENCING COMMISSION

**Effective November 1, 1987**

*Including*

November 1, 1989 Amendments to Guidelines
— With Highlights Feature —
Revised Sentencing Worksheets
Criminal Rule Amendments
Table of Cases Applying Guidelines
Revised Model Sentencing Forms

*The publisher will provide updated revisions of the Federal Sentencing Guidelines, Official Commentaries, and other related materials as issued.*

**ST. PAUL, MINN.
WEST PUBLISHING CO.
1989**

Exhibit 1(5 pages)

# APPENDIX A - STATUTORY INDEX

## INTRODUCTION

This index specifies the guideline section or sections ordinarily applicable to the statute of conviction. If more than one guideline section is referenced for the particular statute, use the guideline most appropriate for the nature of the offense conduct charged in the count of which the defendant was convicted. If, in an atypical case, the guideline section indicated for the statute of conviction is inappropriate because of the particular conduct involved, use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted. (See §1B1.2.)

If the offense involved a conspiracy or an attempt, refer to §2X1.1 as well as the guideline for the substantive offense.

For those offenses not listed in this index, the most analogous guideline is to be applied. (See §2X5.1.)

The guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction. (See §1B1.9.)

Historical Note: Effective November 1, 1987. Amended effective November 1, 1989 (see Appendix C, amendments 296 and 297).

## INDEX

| Statute | Guideline |
|---|---|
| 7 U.S.C. § 6 | 2F1.1 |
| 7 U.S.C. § 6b(A) | 2F1.1 |
| 7 U.S.C. § 6b(B) | 2F1.1 |
| 7 U.S.C. § 6b(C) | 2F1.1 |
| 7 U.S.C. § 6c | 2F1.1 |
| 7 U.S.C. § 6h | 2F1.1 |
| 7 U.S.C. § 6o | 2F1.1 |
| 7 U.S.C. § 13(a) | 2B1.1 |
| 7 U.S.C. § 13(b) | 2F1.1 |
| 7 U.S.C. § 13(c) | 2F1.1 |
| 7 U.S.C. § 13(e) | 2F1.2 |
| 7 U.S.C. § 23 | 2F1.1 |
| 7 U.S.C. § 87b | 2N2.1 |
| 7 U.S.C. § 136 | 2Q1.2 |
| 7 U.S.C. § 136j | 2Q1.2 |
| 7 U.S.C. § 136k | 2Q1.2 |
| 7 U.S.C. § 149 | 2N2.1 |

# APPENDIX A

| Statute | Guideline |
|---|---|
| 18 U.S.C. § 876 | 2A4.2, 2A6.1, 2B3.2, 2B3.3 |
| 18 U.S.C. § 877 | 2A4.2, 2A6.1, 2B3.2, 2B3.3 |
| 18 U.S.C. § 878(a) | 2A6.1 |
| 18 U.S.C. § 878(b) | 2B3.2 |
| 18 U.S.C. § 879 | 2A6.1 |
| 18 U.S.C. § 892 | 2E2.1 |
| 18 U.S.C. § 893 | 2E2.1 |
| 18 U.S.C. § 894 | 2E2.1 |
| 18 U.S.C. § 911 | 2F1.1, 2L2.2 |
| 18 U.S.C. § 912 | 2J1.4 |
| 18 U.S.C. § 913 | 2J1.4 |
| 18 U.S.C. § 914 | 2F1.1 |
| 18 U.S.C. § 922(a)(1)-(5) | 2K2.3 |
| 18 U.S.C. § 922(a)(6) | 2K2.1 |
| 18 U.S.C. § 922(b)(1)-(3) | 2K2.3 |
| 18 U.S.C. § 922(d) | 2K2.3 |
| 18 U.S.C. § 922(g) | 2K2.1 |
| 18 U.S.C. § 922(h) | 2K2.1 |
| 18 U.S.C. § 922(i) | 2B1.2, 2K2.3 |
| 18 U.S.C. § 922(j) | 2B1.2, 2K2.3 |
| 18 U.S.C. § 922(k) | 2K2.3 |
| 18 U.S.C. § 922(l) | 2K2.3 |
| 18 U.S.C. § 922(n) | 2K2.1 |
| 18 U.S.C. § 923 | 2K2.3 |
| 18 U.S.C. § 924(c) | 2K2.4 |
| 18 U.S.C. § 929(a) | 2K2.4 |
| 18 U.S.C. § 930 | 2K2.5 |
| 18 U.S.C. § 1001 | 2F1.1 |
| 18 U.S.C. § 1002 | 2F1.1 |
| 18 U.S.C. § 1003 | 2B5.1, 2B5.2, 2F1.1 |
| 18 U.S.C. § 1004 | 2F1.1 |
| 18 U.S.C. § 1005 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1006 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1007 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1008 | 2F1.1, 2S1.3 |

§4B1.3.  **Criminal Livelihood**

If the defendant committed an offense as part of a pattern of criminal conduct engaged in as a livelihood, his offense level shall be not less than 13, unless §3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall be not less than 11.

*Commentary*

*Application Notes:*

1. *"Pattern of criminal conduct" means planned criminal acts occurring over a substantial period of time. Such acts may involve a single course of conduct or independent offenses.*

2. *"Engaged in as a livelihood" means that (1) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law (currently 2,000 times the hourly minimum wage under federal law is $6,700); and (2) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period (e.g., the defendant engaged in criminal conduct rather than regular, legitimate employment; or the defendant's legitimate employment was merely a front for his criminal conduct).*

*Background:* Section 4B1.3 implements 28 U.S.C. § 994(i)(2), which directs the Commission to ensure that the guidelines specify a "substantial term of imprisonment" for a defendant who committed an offense as part of a pattern of criminal conduct from which he derived a substantial portion of his income.

Historical Note: Effective November 1, 1987. Amended effective June 15, 1988 (see Appendix C, amendment 50); November 1, 1989 (see Appendix C, amendment 269).

# TABLE OF CASES

3E1.1 comment—704 F.Supp. 175
3E1.1 comment—710 F.Supp. 1293
3E1.1 note—880 F.2d 612
3E1.2—872 F.2d 735

## CHAPTER FOUR—CRIMINAL HISTORY AND CRIMINAL LIVELIHOOD

### Part A: Criminal History

4A comment—873 F.2d 765
4A1.1—872 F.2d 597
4A1.1—874 F.2d 43
4A1.1—874 F.2d 466
4A1.1—875 F.2d 1110
4A1.1—691 F.Supp. 656
4A1.1—691 F.Supp. 1036
4A1.1—708 F.Supp. 461
4A1.1—712 F.Supp. 707
4A1.1(a)—709 F.Supp. 1064
4A1.1(b)—868 F.2d 698
4A1.1(d)—877 F.2d 251
4A1.1(d)—879 F.2d 811
4A1.1(d)—710 F.Supp. 106
4A1.1(d)—711 F.Supp. 736
4A1.1(d)—716 F.Supp. 1207
4A1.1(e)—877 F.2d 251
4A1.1(e)—879 F.2d 811
4A1.1(e)—710 F.Supp. 106
4A1.1 et seq.—868 F.2d 1541
4A1.1 et seq.—879 F.2d 811
4A1.1 et seq.—684 F.Supp. 1506
4A1.1 et seq.—684 F.Supp. 1535
4A1.1 et seq.—686 F.Supp. 1174
4A1.1 et seq.—709 F.Supp. 908
4A1.1 comment—869 F.2d 822
4A1.1 comment—875 F.2d 1110
4A1.1 comment—879 F.2d 811
4A1.2—868 F.2d 122
4A1.2—879 F.2d 410
4A1.2—694 F.Supp. 1488
4A1.2—709 F.Supp. 908
4A1.2(a)(2)—875 F.2d 1110
4A1.2(c)(2)—871 F.2d 513
4A1.2(c)(2)—881 F.2d 684
4A1.2(e)—868 F.2d 122
4A1.2(e)(1)—868 F.2d 122
4A1.2(e)(2)—868 F.2d 122
4A1.2(e)(2)—871 F.2d 513
4A1.2 comment—694 F.Supp. 1488
4A1.2 comment—709 F.Supp. 908
4A1.2 comment—875 F.2d 1110
4A1.3—868 F.2d 122
4A1.3—868 F.2d 128
4A1.3—869 F.2d 54
4A1.3—871 F.2d 513
4A1.3—872 F.2d 597
4A1.3—873 F.2d 765
4A1.3—874 F.2d 43
4A1.3—874 F.2d 466
4A1.3—876 F.2d 784
4A1.3—877 F.2d 664
4A1.3—878 F.2d 50
4A1.3—879 F.2d 1247
4A1.3—694 F.Supp. 1488
4A1.3—706 F.Supp. 331
4A1.3—712 F.Supp. 707
4A1.3—712 F.Supp. 1327
4A1.3(a)—694 F.Supp. 1488
4A1.3(b)—868 F.2d 128
4A1.3(b)—879 F.2d 1247
4A1.3(d)—868 F.2d 54
4A1.3(d)—869 F.2d 54
4A1.3(d)—874 F.2d 466
4A1.3(e)—868 F.2d 128
4A1.3(e)—874 F.2d 466
4A1.3(e)(4)—874 F.2d 466
4A1.3 comment—712 F.Supp. 1327

### Part B: Career Offenders and Criminal Livelihood

4B1.1—835 F.2d 1195
4B1.1—873 F.2d 495
4B1.1—873 F.2d 709
4B1.1—875 F.2d 143
4B1.1—875 F.2d 1110
4B1.1—879 F.2d 541
4B1.1—881 F.2d 155
4B1.1—881 F.2d 973
4B1.1—694 F.Supp. 1488
4B1.1—708 F.Supp. 461
4B1.1—715 F.Supp. 261
4B1.2—875 F.2d 143
4B1.2—687 F.Supp. 1329
4B1.2—704 F.Supp. 1398
4B1.2—715 F.Supp. 261
4B1.2(1)—875 F.2d 1110
4B1.2(1)—881 F.2d 973
4B1.2(1)—704 F.Supp. 1398
4B1.2(3)—875 F.2d 1110
4B1.2 note 1—835 F.2d 1195
4B1.3—873 F.2d 495
4B1.3—686 F.Supp. 1174
4B1.3—694 F.Supp. 1105
4B1.3—694 F.Supp. 1488

## CHAPTER FIVE—DETERMINING THE SENTENCE

### Part A: Sentencing Table

5A Sentencing Table—838 F.2d 932
5A Sentencing Table—855 F.2d 925
5A Sentencing Table—860 F.2d 35
5A Sentencing Table—867 F.2d 222
5A Sentencing Table—868 F.2d 1541
5A Sentencing Table—868 F.2d 1121
5A Sentencing Table—868 F.2d 1390
5A Sentencing Table—869 F.2d 54
5A Sentencing Table—872 F.2d 735
5A Sentencing Table—878 F.2d 164
5A Sentencing Table—882 F.2d 474
5A Sentencing Table—684 F.Supp. 1506
5A Sentencing Table—684 F.Supp. 1535

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JUN 2 0 1991

JOHN M. WATERS, Clerk
U. S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | CRIMINAL NO. 91-30043 |
| MARK L. NEFF, | ) | VIO: Title 18, United States Code, Section 922(g)(1) |
| Defendant. | ) | |

## INDICTMENT

The Grand Jury Charges:

That on April 25, 1991, in the Central District of Illinois, the defendant,

**MARK L. NEFF**

knowingly possessed, in or affecting commerce, a firearm being a H. and R., Model 929, 22 caliber revolver after said defendant having been previously convicted of the felony offense of burglary in Greene County, Illinois Circuit Court on August 3, 1984, in #84CF40.

In violation of Title 18, United States Code, Section 922(g)(1).

A TRUE BILL

*[signature]*

Foreperson

*J. William Roberts by Byron Cudmore*

J. WILLIAM ROBERTS
United States Attorney

EXHIBIT 2

Re: NEFF, Mark L.

this offense. Therefore, the two-point adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 is not warranted.

**Offense Level Computation**

17. The 1990 edition of the <u>Guidelines Manual</u> has been used in this case.

18. **Base Offense Level:** The guideline for an 18 U.S.C. § 922(g)(1) offense is found at U.S.S.G. § 2K2.1(a)(2), which provides for a base offense level of 12.   12

19. **Specific Offense Characteristic:** Pursuant to U.S.S.G. § 2K2.1(b)(2), if the firearm was stolen or had an altered or obliterated serial number, increase by two levels. The firearm in this case had an obliterated serial number; therefore, the offense level is increased by two levels.   +2

20. **Victim-Related Adjustments:** There is no victim in the instant offense as defined in U.S.S.G. § 3A. Therefore, no adjustment applies.   0

21. **Adjustment for Role in the Offense:** There is no role adjustment in the instant offense as defined in U.S.S.G. § 3B. Therefore, no adjustment applies.   0

22. **Adjustment for Obstruction of Justice:** No adjustments apply under U.S.S.G. § 3C.   0

23. **Adjusted Offense Level** (Subtotal):   14

24. **Adjustment for Acceptance of Responsibility:** The defendant has not demonstrated an affirmative acceptance of responsibility or recognition of personal responsibility for his criminal conduct; therefore, he is not given a two-level reduction pursuant to U.S.S.G. § 3E1.1.   0

25. **Total Offense Level:**   14

26. **Chapter Four Enhancements:** Since the defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e)(1) by way of having at least three prior felony convictions, he is an armed career criminal pursuant to U.S.S.G. § 4B1.4(a). That section provides for an offense level of 33, pursuant to U.S.S.G. § 4B1.4(b)(3)(B).   33

27. **Total Offense Level After Enhancements:**   33

6

Exhibit 3

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

FILED
FEB 24 1994
JOHN M. WATERS, Clerk
U. S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 91-30043 |
| ) | |
| MARK L. NEFF, ) | |
| ) | |
| Defendant. ) | |

### INFORMATION CHARGING PRIOR OFFENSES

NOW COMES the United States of America, by Frances C. Hulin, United States Attorney for the Central District of Illinois, and Esteban F. Sanchez, Assistant United States Attorney, and hereby gives notice of known qualifying violent felony convictions pursuant to 18 U.S.C. §924(e)(1).

1. Attempted Burglary in Erie County, New York Circuit Court on June 6, 1989 in number 88-0358-001.

2. Two counts of Burglary in Greene County, Illinois Circuit Court on August 3, 1984 in number 84CF25.

Given the defendant's three prior violent felony convictions, the penalty for said offense in this case is, therefore, not more than $250,000.00 fine and imprisonment of not more than 15 years.

Such sentence shall not be suspended nor shall the defendant be eligible for parole.

Respectfully submitted,
FRANCES C. HULIN
UNITED STATES ATTORNEY

Esteban F. Sanchez
Assistant U.S. Attorney
Post Office Box 375
Springfield, IL 62705
Telephone: 217/492-4450

EXHIBIT 4

1    In any event, you have a very substantial pattern
2    of criminal activity, including escapes, and I think you're a
3    dangerous person and I think the career criminal label
4    probably is an accurate one. I could simply just reimpose
5    the earlier sentence imposed against you. I'm not going to
6    do that, although I'm going to come close to it.
7    Pursuant to the Sentencing Reform Act of 1984 and
8    the sentencing guidelines as amended November 1, 1991, it is
9    the judgment of the Court that you be committed to the
10   custody of the Bureau of Prisons to be imprisoned for a term
11   of 252 months, which is 21 years. Based on your financial
12   profile, it does not appear that you have the ability to pay
13   a fine. No fine is imposed.
14   Upon release from imprisonment, you shall be placed
15   on supervised release for a term of 5 years. Within 72 hours
16   of release from the custody of the Bureau of Prisons, you
17   shall report in person to the probation office in the
18   district to which you are released.
19   While on supervised release, you shall not commit
20   any federal, state or local crimes. You shall comply with
21   the standard conditions of supervised release as recommended
22   by the U.S. Sentencing Commission. In addition to the
23   standard conditions of supervised release, the following
24   special conditions are imposed.
25   Number one: You shall at the direction of the

EXHIBIT 5

**THOMAS R. IBEN**
ATTORNEY AT LAW
415 Commerce Bank Building
Peoria, Illinois 61602

TELEPHONE
OFFICE (309) 674-7625
RESIDENCE (309) 674-0847

September 1, 1995

Mark Neff
09244-026
P.O. Box 33
Terre Haute, Indiana 47808

RE: U.S. v. Neff

Dear Mark:

Enclosed please find for your consideration:

1. Defendant-Appellant's Brief on Appeal;
2. Government's Reply Brief;
3. Defendant-Appellant's Reply
4. Order from the Seventh Circuit panel affirming the trial court;
5. Petition for Re-Hearing before the full Court; and
6. Order denying Petition for Re-Hearing.

The Seventh Circuit Court of Appeals has affirmed Judge Mihm's ruling in the trial to admit the gun based on Valerie's consent to view the property in light of her testimony that she knew Meldrum would need a warrant if she wanted to keep him out and her general agreeableness. I attempted to get a reconsideration by stressing Meldrum's misrepresentation in suggesting that you gave him permission to go get the property, coupled with the lack of any specific waiver of rights by Valerie to show she never actually consented in fact.

Exhibit 6

Unfortunately, the law does allow any consent that is not involuntary and is agreed, even if the authorities are tricky; and the trial court's interpretation of the witness is given great weight. The Court did not consider the career criminal question, finding that it was waived for lack of argument. Although I brought it up again in the Petition, it seems to me a non-issue anyway since the Seventh Circuit has decided that attempt burglary is a crime of violence (Illinois Statute) and the Ninth Circuit has, in fact, specifically construed the New York Code attempt burglary statute as sufficient for a crime of violence under career criminal. I would note that the Illinois and New York attempt statutes are virtually identical, and the New York P.D.'s office suggested I was barking up the wrong tree given the law there, when I contacted them prior to trial.

I believe we have gone as far as we can go on this appeal. The only real issue has always been the search and seizure question; if they lawfully had the gun, it was up to the jury as for guilt or innocence.

I am disappointed, but must recognize that the law (and Valerie's testimony) was against us. I would consider any attempt to get the U.S. Supreme Court to hear and re-consider what is essentially a factual judgment call as to Valerie's agreement to be useless, I should inform you that we have 90 days after Judgment to do that, but I do not plan on a request.

If you have any question or comments, please advise.

I am sorry we lost, and I wish you luck in your future.

Yours truly,

THOMAS R. IBEN

TRI/sg
Enclosure