E-FILED
Monday, 15 May, 2006  11:40:24 AM
Clerk, U.S. District Court, ILCD

FILED
MAY 1 5 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

UNITED STATES,  )
     Plaintiff, )
             )
             )
v.           )    CRIM.No. 91-30043
             )
             )
MARK L. NEFF,   )
     Defendant, )

**MOTION PURSUANT TO RULE 59(e),Fed.R.Civ.P.,to Alter
Or Amend Judgment Entered on May 5,2006**

    Comes now,Mark L.Neff,<u>pro se</u>,and moves this Court to alter or amend it's Order entered on May 5,2006,denying relief to this Defendant on his §3582 motion,pursuant to the provisions of **Rule 59(e)**,Fed.R.Civ.P., and,presents the following for support in granting relief through this motion and now states:

    1.   Defendant was indicted for the sole offense of Title 18 USC §922(g)(1),by indictment,and filed on June 20th,1991.

    2.   Defendant appealed the first conviction had in the Springfield Division and said conviction was reversed and remanded back to the District Court for a new trial holding that a violation of the Sixth Amendment occurred and a violation of Rule 43,Fed.R.Civ.P.

    3.   Defendant was again found guilty by a Jury and said conviction was appealed and appeal was affirmed.

    4.   Defendant filed a motion under Title 28 USC §2255,and said civil rules were applied that have NO APPLICATION to a proceeding pursuant to Section 2255(i.e.,§2244) and by inapplicable statutes being applied to the determination of the Guidelines sentencing range,the Court denied that motion and the Circuit Court affirmed your decision.

    5.   Defendant has gained knowledge that directly relates to the relevant sentencing range and this will be a First,28 USC §2255,filed since Title 28 USC §2255 amendment as published ORDER OF APRIL 26,2004,

wherein it is held:

( 2. That the Rules and forms governing cases in the United States District Courts under section ...2255 of Title 28,United States Code, be,and they hereby are,amended by including therein amendments to Rules 1 through 11 of the Rules Governing Section 2254 Cases in the United States District Courts,Rule 1 throught 12 of the Rules Governing Section 2255 Cases in the United States District Courts,and form for use in applications under Section 2254 and motions under Section 2255.

3.   That the foregoing amendments to the Federal Rules of Criminal Procedure,the Rules Governing Section 2254 Cases in..,and the Rules Governing Section 2255 Cases in the United States District Courts,shall take effect on December 1,2004,and shall govern in all proceedings thereafter commenced and,insofar as just and practible,all proceedings then pending.

### HISTORICAL NOTES

Effective Date of Rules;1976 Act:

"Rules,and the amendments thereto by Pub.L.94-426,Sept.28,1976, 90 Stat.1334,effective with respect to petitions under section 2254 of this title and motions under section 2255 of this title filed on or after Feb.1,1977,See Section 1 of Pub.L.94-426 set out as a note under section 2255 of this title."

4.   Defendant states that its common knowledge and practice that district courts can and do construe <u>pro se</u> pleadings from being filed incorrectly and should construe the motion to one that is procedurally accurrate and proceed on to the merit of the issue.

5.   In this case,since the district court regozinzed that Defendant was not entitled to relief on his issue through the motion filed for relief should have been construed to one that was procedurally applicable and should,and,in the interest of justice,had applied Title 28 USC §2255 to Defendant's pleading as it was/is the proper procedural avenue to contest a sentencing error because `this'is a further step in the criminal case and <u>not a separate civil action</u>,as appears from the legislative history of section 2 of S.20,80th Congress,the provisions of which were incorporated by the same Congress in title 28 USC,as §2255.

In reporting S.20 favorably the Senate Judiciary Committee said:
> "The two main advantages of such motion remedy over the present habeas corpus are as follows:
>
> "First, habeas corpus is a separate civil action and not a further step in the criminal case in which Defendant is sentenced(Ex parte Tom Tong,108 US 556,559(1883)).

The fact that a <u>motion</u> under <u>§2255</u> is a further step in the movant's criminal case rather than a separate civil action has significance at several points in these rules. See,e.g.,advisory committee note to Rule 3(re no filing fee),..Rule 4(re availability of files,etc., relating to judgment),...**Rule 6**(re availablity of discovery under under criminal procedure rules),...Rule 11(re no extention of time for appeal),...Rule 12(re applicability of federal criminal rules).

> "...Congress has characterized the motion as a further step in the criminal proceedings...""

**WHEREFORE,** Defendant Mark L. Neff, respectfully request this Court to allow this Defendant/Movant to proceed under his first §2255 motion filed pursuant to Order of April 26,2004,declaring that,"2. ...Section 2255 of Title 28,United States Code,be,and hereby are,amended by including therein amendments to "Rule 1 through 12 of the Rules Governing Section 2255 Case in the United States District Courts.";and

3. That the foregoing amendments to the Federal Rules of Criminal Procedure,...the Rules Governing Section 2255 Cases 'shall take effect on Dec.1,2004,and shall govern in all proceedings thereafter commenced and,insofar as just and practible,all proceedings then pending."

Defendant/Movant states that this is the clear intent of Congress when they enacted the Order of April 26,2004,and,is thus permitting, a defendant/movant an opportunity under these new Rules to present an issue of constitutional or procedural error that effects the fundamental fairness of the imposed sentence.

The ADVISORY COMMITTEE NOTES,1976 Adoption,states the following under **Rule 12(as amended April 26,2004):**

3

"this rule differs from Rule 11 of the §2255 rules in that it includes the Federal Rules of Criminal Procedure as well as the civil. <u>This</u> is because of the nature of a §2255 motion as a contuning <u>part</u> of the criminal proceeding(See advisory committee note to Rule 1) as well as a remedy analogous to habeas corpus by state prisoner." (emphasis added).

**WHEREAS**, for the following explanation and citing relevant congressional intent dealing with §2255 in the Order of April 26,2004, Defendant/Movant request this Honorable Court to alter or amend it's Order dated 5/05/06, through construing the motion filed under incorrect heading to a §2255 motion, as amended April 26,2004, for further consideration of defendant/movant's issue.

Defendant/Movant request the instant pleading be construed under Title 28 USC §2255 as it is a further step in the proceeding of the criminal case, and authorized by the Order of April 26,2004, by legislative decree.

Dated:<u>May 8th</u>,2006.

Respectfully submitted,

*Mark L. Neff*
Mark L.Neff, pro se
POB 5000
Greenville,Illinois
(62246)

### DECLARATION OF MARK L. NEFF

I,Mark L. Neff,hereby certify that the above stated matters are true and correct to my knowledge,and belief.

*Mark L. Neff*

### PROOF OF SERVICE

I,Mark L. Neff,swear under the penalty of perjury that I mailed a copy of the foregoing to:

Estaban F.Sanchez,AUSA,POB 375,Springfield,Illinois 62705

this <u>8th</u> day of May,2006.   *Mark L. Neff*

4