E-FILED
Friday, 26 May, 2006 04:10:55 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 91-30043 |
| MARK L. NEFF, | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendant Mark Neff's ("Neff") Motion Pursuant to Rule 59(e). For the reasons set forth below, Neff's Motion [#195] is DENIED.

Neff filed the instant motion asking this Court to alter or amend its previous order dated May 5, 2006. In that Order, the Court denied Neff's Motion to Modify his Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 591 of the Sentencing Guidelines because the Court had previously ruled on the merits of an identical claim by Neff and found that 18 U.S.C. § 3582(c)(2), in combination with Amendment 591, did not provide Neff with any relief. Additionally, the Court noted in the May 5th Order that Neff's Motion was frivolous because it was identical to his previously filed motion to Modify his Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 591. Moreover, the Court warned Neff that additional frivolous filings such as that would result in the Court sanctioning Neff.

Neff now brings the instant Motion arguing that this Court should have recognized that Neff was proceeding pro se and therefore should have construed his motion as a Motion pursuant to 28 U.S.C. § 2255. However, it is far from clear how this would help Neff. Neff previously filed a § 2255 motion on April 22, 1996, which was denied. Neff also filed another motion attacking his sentence in November of 2004. This Court construed that motion as a second or successive § 2255 motion and dismissed the motion for lack of jurisdiction because Neff had not obtained permission to file a second or successive § 2255 motion from the Court of Appeals prior to filing the motion. To date, Neff still has not obtained permission from the Court of Appeals and therefore if the Court were to construe the present motion as a § 2255 motion as Neff asks us to do, then the Court will once again have to dismiss for lack of jurisdiction because Neff has not received authorization.

Furthermore, it is far from clear whether it would have been proper for the Court to construe Neff's motion as a motion pursuant to § 2255 because of the recent decision in *Yanez v. United States*, Case No. 05-4212 (7th Cir., January 26, 2006). Petitioner Yanez filed a Motion to Modify his Sentence pursuant to 18 U.S.C. § 3582 and Amendment 591 in this Court. This Court construed the motion as a second or successive § 2255 motion, filed without authorization, and dismissed the motion for lack of jurisdiction. The Seventh Circuit vacated and remanded that decision finding that "a motion under § 3582(c)(2) is not a collateral attack of any kind, and consideration of a request under that statute does not require [the Court of Appeals'] permission." In light of this decision, it appears that the Court would have erred if it had construed Neff's §3582(c)(2) motion as a motion pursuant to § 2255.

The end result is that the Court declines to alter its Order dated May 5, 2006, to construe Neff's § 3582(c)(2) motion as a § 2255 because a § 3582(c)(2) is a direct, and not a collateral,

attack. Accordingly, Neff's instant motion is denied. Any further attempts by Neff to argue that he is entitled to relief pursuant to § 3582(c)(2) and Amendment 591 will result in sanctions.

ENTERED on the 26th day of May, 2006.

                                                                 s/Michael M. Mihm  
                                                                 Michael M. Mihm  
                                                                 United States District Judge