E-FILED
Thursday, 27 July, 2006  09:21:29 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
(SPRINGFIELD DIVISION)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| ) | CRIM NO.: 91-CR-30043 |
| v. ) | |
| ) | VIO: Title 18 United States |
| MARK L NEFF, ) | Code, Section 922(g)(1) |
| Defendant. ) | |

## NOTICE OF FILING MOTION

TO: U.S. Probation Dept.
108 Federal Bldg.
600 E. Monroe St.
Springfield, Illinois
62701

**FILED**
JUL 25 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PLEASE TAKE NOTICE that on July 24, 2006, I filed with the Clerk of the District Court, the attached motion for correction of PRESENTENCE REPORT PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE RULES 32(d) and 32(i)(4), a copy of which is hereby served on you this day, the 24th of July, 2006.

s. Mark Neff
Mark Neff

#09241-026, FCI 5000
Greenville, IL 62246

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed, first class, to: Clerk of Court, Springfield Division, Springfield, IL and U.S. Probation Dept., 108 Fed. Bldg., 600 Monroe St., Springfield, IL this 24th day of July, 2006.

/s/ Mark L Neff
Mark L Neff

```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE CENTRAL DISTRICT OF ILLINOIS
                  (SPRINGFIELD DIVISION)
```

                                                            FILED

                                                            JUL 2 5 2006

UNITED STATES OF AMERICA,  )
              Plaintiff,   )
                           )     Criminal No.:91-30043      JOHN M. WATERS, Clerk
                           )                                U.S. DISTRICT COURT
v.                         )     VIO: Title 18 United States  CENTRAL DISTRICT OF ILLINOIS
                           )     Code, Section 922(g)(1)
                           )
MARK L. NEFF,              )
              Defendant.   )

---

**MOTION FOR CORRECTION OF PRESENTENCE REPORT
PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE
RULES 32(d) and 32(i)(4)**

---

Mark L. Neff, Defendant in Crim.No.91-30043, with said Judgment In A Criminal Case Order filed in the Springfield and Peoria Divisions of the district courts for the Central District of Illinois.

This motion is to move for a correction of the Presentence Report (PSR) because it contains an error of constitutional proportions.

U.S. Probation Officer Kathy Bowman prepared this PSR and it is now shown to have incorporated information from the amended 1991 United States Sentencing Guidelines Manual that had direct relation to the determination of the Base Offense Level and this is prohibited pursuant to USSG §1B1.11(b)(2), which is based on the <u>ex post facto</u> clause of the Constitution to the United States.

For support of this motion, I state the following:

<u>1</u>. Defendant was indicted june 20,1991 for a violation of Title 18 USC §922(g)(1). The date of the alleged violation is April 25,1991, as charged in the indictment. See: <u>Exhibit 2</u>.

<u>2</u>. Defendant had a jury trial in the Springfield Divisional district court before Judge Richard M. Mills in February of 1992. The jury returned a Verdict of Guilty. Due to a violation of the Sixth Amendment, this con-

viction was overturned by the Circuit Court, which is, recorded at <u>US v Neff</u>, 10 F3d 1321(1993).

<u>3</u>. Defendant had a second jury trial held in the Peoria district court before Judge Michael M. Mihm. The jury returned a Verdict of Guilty.

<u>4</u>. The Sentencing Court ordered a PSR and Probation Officer Kathy Bowman prepared the Report in this case.

<u>5</u>. On page 6, ¶17[of the PSR] under the heading of Offense Level Computation, it states that the 1990 Guidelines Manual has been used in this case. Pursuant to the 1990 Manual, the Base Offense Level(BOL) was at BOL 12, but was adjusted to a two base level increase and determined that BOL 14 was applicable under the 1990 Manual. Defendant concurs. See: <u>Exhibit 3</u>.

<u>6</u>. At paragraph 26, under the heading Chapter Four Enhancements, this Probation Officer stated that this Defendant was subject to Title 18 USC §924(e) and the BOL would be determined by USSG §4B1.4(b)(3)(B).

<u>7</u>. This information is not in the 1990 Manual. This information is found in the amended 1991 Manual. See: <u>Exhibit 1</u>.

### <u>How U.S.S.G. § 1B1.11(b)(2) Applies</u>

It states at USSG §1B1.11(b)(2) the following:

"The Guidelines Manual in effect on a particular date shall be applied in its entirety. The **court shall not apply for example, one guideline section from one edition of the Guidelines Manual and another Guideline section from a different edition of the Guidelines Manual.** However, if a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes." (Emphasis Added).

<u>8</u>. It is apparent that two (2) manuals were used in the preparation of this PSR and it is also obvious that this is a violation of not only §1B1.11(b)(2), but also creates an <u>ex post facto</u> issue with the application of the amended 1991 Manual. See: <u>Exhibit 3</u>.

<u>9</u>. The amended 1991 Manual was applied to this case with respects

2

to the sentence.

**10**. Pursuant to §1B1.11(b)(1):

"If the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the ex post facto clause of the United States Constitution, **the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed.**" (Emphasis added).

See: Commentary;Application Notes: 1 & 2;and Background,¶2.

It states in the section entitled Background,at ¶2,the following:

"Subsection (b)(2) provides that the Guidelines Manual in effect on a particular date shall be applied in its entirety."

The Probation Officer committed error when she applied a guideline from the amended 1991 Manual when she was prohibited under §1B1.11(1).

This error is an infringement on this Defendant's Constitutionally secured rights.

**11**. This issue of imposing ex post facto sentences by utilizing incorrect information has been addressed in this Circuit. Accord the following cases:US v Seacott,15 F3d 1380,1385-86(1994);US v Korando, 29 F3d 1114(1994).

These cases were decided prior to the sentence imposed in this case. Accord also the following cases:Flores-Leon v I.N.S.,272 F3d 433(2001);US v Polson,285 F3d 563(2002);Collins v Youngblood,497 US 37, 41(1990);Weaver v Graham,450 US 24,29(1981);Glover v US,121 S.Ct.696 (2001);and US v Bell,991 F2d 1445(9th Cir.1993).

**12**. The controlling date in this case for purposes of the ex post facto clause is April 25,1991. §1B1.11(b)(1)(2) mandate that only one (1) manual is to be used and one (1) that doesn't violated the ex post facto clause.

**13**. WHEREFORE,Mark L. Neff,held responsible in Criminal No.91-30043 declare that the Presentence Report shows that two (2) Manuals have been utilized in the calculation of the relevant sentencing range and

3

and this is in violation of USSG §1B1.11(b)(1)(2) of the USSG and the application of the amended 1991 Manual causes an *ex post facto* issue that has direct relation to the statutory maximum sentence allowed for by the jury's Verdict and under the 1990 Guidelines Manual, a BOL called for a Guidelines Sentencing Range of 33-41 months. The authorized maximum sentence for §(22(g)(1), at the time of the offense of conviction, was 60 months. Sixty (60) months from April 25, 1991, would be on or about April 1996. Over ten (10) years ago this sentence would have expired, but because of the erroneous information supplied to the Sentencing Court, I, Mark L. Neff, have been illegally incarcerated for more than ten (10) years to date.

**THEREFORE**, Mark L. Neff, Defendant in Criminal No. 91-30043 hereby submits this motion for correction of the Presentence Report wherein it incorporates information from two (2) separate Guidelines Manual in violation of USSG §1B1.11(b)(1)(2) and in violation of the *ex post facto* clause of the Constitution for the United States.

Pursuant to Federal Rules of Criminal Procedure Rules 32(d) and 32(i)(4), Defendant moves for correction of the Presentence Report as it contains information from the amended 1991 Manual that was used to set the sentencing range in violation of USSG §1B1.11(b)(1)(2) and Art. I, §9 of the Const. Executed on this 23rd day of July, 2006.

Respectfully submitted,

Mark L. Neff
Mark L. Neff #09244-026
FCI-GREENVILLE, POB 5000
Greenville, IL 62246

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was mailed to:
U.S. Probation Office, 108 Fed. Bldg., 600 E. Monroe St., Springfield, IL 62701
postage prepaid on this 24th day of July, 2006.

Mark L. Neff

4

# FEDERAL SENTENCING GUIDELINES MANUAL

---

**1990 EDITION**

---

## UNITED STATES SENTENCING COMMISSION

---

**Effective November 1, 1987**

*Including*

**November 1, 1989 Amendments to Guidelines**
**— With Highlights Feature —**
**Revised Sentencing Worksheets**
**Criminal Rule Amendments**
**Table of Cases Applying Guidelines**
**Revised Model Sentencing Forms**

*The publisher will provide updated revisions of the Federal Sentencing Guidelines, Official Commentaries, and other related materials as issued.*

ST. PAUL, MINN.
WEST PUBLISHING CO.
1989

Exhibit 1(5 pages)

# APPENDIX A - STATUTORY INDEX

## INTRODUCTION

This index specifies the guideline section or sections ordinarily applicable to the statute of conviction. If more than one guideline section is referenced for the particular statute, use the guideline most appropriate for the nature of the offense conduct charged in the count of which the defendant was convicted. If, in an atypical case, the guideline section indicated for the statute of conviction is inappropriate because of the particular conduct involved, use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted. (See §1B1.2.)

If the offense involved a conspiracy or an attempt, refer to §2X1.1 as well as the guideline for the substantive offense.

For those offenses not listed in this index, the most analogous guideline is to be applied. (See §2X5.1.)

The guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction. (See §1B1.9.)

Historical Note: Effective November 1, 1987. Amended effective November 1, 1989 (see Appendix C, amendments 296 and 297).

## INDEX

| Statute | Guideline |
|---|---|
| 7 U.S.C. § 6 | 2F1.1 |
| 7 U.S.C. § 6b(A) | 2F1.1 |
| 7 U.S.C. § 6b(B) | 2F1.1 |
| 7 U.S.C. § 6b(C) | 2F1.1 |
| 7 U.S.C. § 6c | 2F1.1 |
| 7 U.S.C. § 6h | 2F1.1 |
| 7 U.S.C. § 6o | 2F1.1 |
| 7 U.S.C. § 13(a) | 2B1.1 |
| 7 U.S.C. § 13(b) | 2F1.1 |
| 7 U.S.C. § 13(c) | 2F1.1 |
| 7 U.S.C. § 13(e) | 2F1.2 |
| 7 U.S.C. § 23 | 2F1.1 |
| 7 U.S.C. § 87b | 2N2.1 |
| 7 U.S.C. § 136 | 2Q1.2 |
| 7 U.S.C. § 136j | 2Q1.2 |
| 7 U.S.C. § 136k | 2Q1.2 |
| 7 U.S.C. § 149 | 2N2.1 |