## APPENDIX A

| Statute | Guideline |
|---|---|
| 18 U.S.C. § 876 | 2A4.2, 2A6.1, 2B3.2, 2B3.3 |
| 18 U.S.C. § 877 | 2A4.2, 2A6.1, 2B3.2, 2B3.3 |
| 18 U.S.C. § 878(a) | 2A6.1 |
| 18 U.S.C. § 878(b) | 2B3.2 |
| 18 U.S.C. § 879 | 2A6.1 |
| 18 U.S.C. § 892 | 2E2.1 |
| 18 U.S.C. § 893 | 2E2.1 |
| 18 U.S.C. § 894 | 2E2.1 |
| 18 U.S.C. § 911 | 2F1.1, 2L2.2 |
| 18 U.S.C. § 912 | 2J1.4 |
| 18 U.S.C. § 913 | 2J1.4 |
| 18 U.S.C. § 914 | 2F1.1 |
| 18 U.S.C. § 922(a)(1)-(5) | 2K2.3 |
| 18 U.S.C. § 922(a)(6) | 2K2.1 |
| 18 U.S.C. § 922(b)(1)-(3) | 2K2.3 |
| 18 U.S.C. § 922(d) | 2K2.3 |
| 18 U.S.C. § 922(g) | 2K2.1 |
| 18 U.S.C. § 922(h) | 2K2.1 |
| 18 U.S.C. § 922(i) | 2B1.2, 2K2.3 |
| 18 U.S.C. § 922(j) | 2B1.2, 2K2.3 |
| 18 U.S.C. § 922(k) | 2K2.3 |
| 18 U.S.C. § 922(l) | 2K2.3 |
| 18 U.S.C. § 922(n) | 2K2.1 |
| 18 U.S.C. § 923 | 2K2.3 |
| 18 U.S.C. § 924(c) | 2K2.4 |
| 18 U.S.C. § 929(a) | 2K2.4 |
| 18 U.S.C. § 930 | 2K2.5 |
| 18 U.S.C. § 1001 | 2F1.1 |
| 18 U.S.C. § 1002 | 2F1.1 |
| 18 U.S.C. § 1003 | 2B5.1, 2B5.2, 2F1.1 |
| 18 U.S.C. § 1004 | 2F1.1 |
| 18 U.S.C. § 1005 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1006 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1007 | 2F1.1, 2S1.3 |
| 18 U.S.C. § 1008 | 2F1.1, 2S1.3 |

A.10
[302]

November 1, 1989

## TABLE OF CASES

3E1.1 comment—704 F.Supp. 175
3E1.1 comment—710 F.Supp. 1293
3E1.1 note—880 F.2d 612
3E1.2—872 F.2d 735

### CHAPTER FOUR—CRIMINAL HISTORY AND CRIMINAL LIVELIHOOD

**Part A: Criminal History**

4A comment—873 F.2d 765
4A1.1—872 F.2d 597
4A1.1—874 F.2d 43
4A1.1—874 F.2d 466
4A1.1—875 F.2d 1110
4A1.1—691 F.Supp. 656
4A1.1—691 F.Supp. 1036
4A1.1—708 F.Supp. 461
4A1.1—712 F.Supp. 707
4A1.1(a)—709 F.Supp. 1064
4A1.1(b)—868 F.2d 698
4A1.1(d)—877 F.2d 251
4A1.1(d)—879 F.2d 811
4A1.1(d)—710 F.Supp. 106
4A1.1(d)—711 F.Supp. 736
4A1.1(d)—716 F.Supp. 1207
4A1.1(e)—877 F.2d 251
4A1.1(e)—879 F.2d 811
4A1.1(e)—710 F.Supp. 106
4A1.1 et seq.—868 F.2d 1541
4A1.1 et seq.—879 F.2d 811
4A1.1 et seq.—684 F.Supp. 1506
4A1.1 et seq.—684 F.Supp. 1535
4A1.1 et seq.—686 F.Supp. 1174
4A1.1 et seq.—709 F.Supp. 908
4A1.1 comment—869 F.2d 822
4A1.1 comment—875 F.2d 1110
4A1.1 comment—879 F.2d 811
4A1.2—868 F.2d 122
4A1.2—879 F.2d 410
4A1.2—694 F.Supp. 1488
4A1.2—709 F.Supp. 908
4A1.2(a)(2)—875 F.2d 1110
4A1.2(c)(2)—871 F.2d 513
4A1.2(c)(2)—881 F.2d 684
4A1.2(e)—868 F.2d 122
4A1.2(e)(1)—868 F.2d 122
4A1.2(e)(2)—868 F.2d 122
4A1.2(e)(2)—871 F.2d 513
4A1.2 comment—694 F.Supp. 1488
4A1.2 comment—709 F.Supp. 908
4A1.2 comment—875 F.2d 1110
4A1.3—868 F.2d 122
4A1.3—868 F.2d 128
4A1.3—869 F.2d 54
4A1.3—871 F.2d 513
4A1.3—872 F.2d 597
4A1.3—873 F.2d 765
4A1.3—874 F.2d 43
4A1.3—874 F.2d 466
4A1.3—876 F.2d 784
4A1.3—877 F.2d 664
4A1.3—878 F.2d 50
4A1.3—879 F.2d 1247
4A1.3—694 F.Supp. 1488
4A1.3—706 F.Supp. 331
4A1.3—712 F.Supp. 707
4A1.3—712 F.Supp. 1327
4A1.3(a)—694 F.Supp. 1488
4A1.3(b)—868 F.2d 128
4A1.3(b)—879 F.2d 1247
4A1.3(d)—868 F.2d 54
4A1.3(d)—869 F.2d 54
4A1.3(d)—874 F.2d 466
4A1.3(e)—868 F.2d 128
4A1.3(e)—874 F.2d 466
4A1.3(e)(4)—874 F.2d 466
4A1.3 comment—712 F.Supp. 1327

**Part B: Career Offenders and Criminal Livelihood**

4B1.1—835 F.2d 1195
4B1.1—873 F.2d 495
4B1.1—873 F.2d 709
4B1.1—875 F.2d 143
4B1.1—875 F.2d 1110
4B1.1—879 F.2d 541
4B1.1—881 F.2d 155
4B1.1—881 F.2d 973
4B1.1—694 F.Supp. 1488
4B1.1—708 F.Supp. 461
4B1.1—715 F.Supp. 261
4B1.2—875 F.2d 143
4B1.2—687 F.Supp. 1329
4B1.2—704 F.Supp. 1398
4B1.2—715 F.Supp. 261
4B1.2(1)—875 F.2d 1110
4B1.2(1)—881 F.2d 973
4B1.2(1)—704 F.Supp. 1398
4B1.2(3)—875 F.2d 1110
4B1.2 note 1—835 F.2d 1195
4B1.3—873 F.2d 495
4B1.3—686 F.Supp. 1174
4B1.3—694 F.Supp. 1105
4B1.3—694 F.Supp. 1488

### CHAPTER FIVE—DETERMINING THE SENTENCE

**Part A: Sentencing Table**

5A Sentencing Table—838 F.2d 932
5A Sentencing Table—855 F.2d 925
5A Sentencing Table—860 F.2d 85
5A Sentencing Table—867 F.2d 222
5A Sentencing Table—868 F.2d 1541
5A Sentencing Table—868 F.2d 1121
5A Sentencing Table—868 F.2d 1390
5A Sentencing Table—869 F.2d 54
5A Sentencing Table—872 F.2d 735
5A Sentencing Table—878 F.2d 164
5A Sentencing Table—882 F.2d 474
5A Sentencing Table—684 F.Supp. 1506
5A Sentencing Table—684 F.Supp. 1535

**SENTENCING GUIDELINES**

§4B1.3.    Criminal Livelihood

If the defendant committed an offense as part of a pattern of criminal conduct engaged in as a livelihood, his offense level shall be not less than 13, unless §3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall be not less than 11.

*Commentary*

*Application Notes:*

1. "Pattern of criminal conduct" means planned criminal acts occurring over a substantial period of time. Such acts may involve a single course of conduct or independent offenses.

2. "Engaged in as a livelihood" means that (1) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law (currently 2,000 times the hourly minimum wage under federal law is $6,700); and (2) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period (e.g., the defendant engaged in criminal conduct rather than regular, legitimate employment; or the defendant's legitimate employment was merely a front for his criminal conduct).

*Background:*  Section 4B1.3 implements 28 U.S.C. § 994(i)(2), which directs the Commission to ensure that the guidelines specify a "substantial term of imprisonment" for a defendant who committed an offense as part of a pattern of criminal conduct from which he derived a substantial portion of his income.

*Historical Note:*  Effective November 1, 1987. Amended effective June 15, 1988 (see Appendix C, amendment 50); November 1, 1989 (see Appendix C, amendment 269).

FILED
JUN 20 1991
JOHN M. WATERS, Clerk
U. S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

UNITED STATES OF AMERICA, )
                          )
              Plaintiff,  )
                          )
        v.                )   CRIMINAL NO. 91-30043
                          )
MARK L. NEFF,             )   VIO: Title 18, United States
                          )   Code, Section 922(g)(1)
              Defendant.  )

# INDICTMENT

The Grand Jury Charges:

That on April 25, 1991, in the Central District of Illinois, the defendant,

### MARK L. NEFF

knowingly possessed, in or affecting commerce, a firearm being a H. and R., Model 929, 22 caliber revolver after said defendant having been previously convicted of the felony offense of burglary in Greene County, Illinois Circuit Court on August 3, 1984, in #84CF40.

In violation of Title 18, United States Code, Section 922(g)(1).

A TRUE BILL

_____
Foreperson

J. William Roberts by Byron Cudmore

J. WILLIAM ROBERTS
United States Attorney

EXHIBIT 2

Re: NEFF, Mark L.

this offense. Therefore, the two-point adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 is not warranted.

**Offense Level Computation**

17. The 1990 edition of the <u>Guidelines Manual</u> has been used in this case.

18. **Base Offense Level:** The guideline for an 18 U.S.C. § 922(g)(1) offense is found at U.S.S.G. § 2K2.1(a)(2), which provides for a base offense level of 12.       12

19. **Specific Offense Characteristic:** Pursuant to U.S.S.G. § 2K2.1(b)(2), if the firearm was stolen or had an altered or obliterated serial number, increase by two levels. The firearm in this case had an obliterated serial number; therefore, the offense level is increased by two levels.       +2

20. **Victim-Related Adjustments:** There is no victim in the instant offense as defined in U.S.S.G. § 3A. Therefore, no adjustment applies.       0

21. **Adjustment for Role in the Offense:** There is no role adjustment in the instant offense as defined in U.S.S.G. § 3B. Therefore, no adjustment applies.       0

22. **Adjustment for Obstruction of Justice:** No adjustments apply under U.S.S.G. § 3C.       0

23. **Adjusted Offense Level (Subtotal):**       14

24. **Adjustment for Acceptance of Responsibility:** The defendant has not demonstrated an affirmative acceptance of responsibility or recognition of personal responsibility for his criminal conduct; therefore, he is not given a two-level reduction pursuant to U.S.S.G. § 3E1.1.       0

25. **Total Offense Level:**       14

26. **Chapter Four Enhancements:** Since the defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e)(1) by way of having at least three prior felony convictions, he is an armed career criminal pursuant to U.S.S.G. § 4B1.4(a). That section provides for an offense level of 33, pursuant to U.S.S.G. § 4B1.4(b)(3)(B).       33

27. **Total Offense Level After Enhancements:**       33

6

Exhibit 3

Mark Wolf 09244-026
Federal Correctional Inst.
P.O. Box 5000
Greenville, IL 62246

Legal Mail –
Special Mail

U.S. Probation Dept.
108 Federal Bldg.
600 E. Monroe St.
Springfield, Illinois
62701

62701+1626-99 C003