

E-FILED
Monday, 24 March, 2008  02:56:27 PM
Clerk, U.S. District Court, ILCD

Mark L. Neff
09244-026
P.O. Box 33
Terre Haute, IN 47808

 

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
( PEORIA DIVISION )

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO. 91-30043 |
| | ) | |
| v. | ) | MOTION TO REDUCE THE TERM OF IMPRISONMENT UNDER 18 U.S.C. §3582(c)(2) |
| | ) | |
| MARK L. NEFF, | ) | |
| Defendant. | ) | |

---

## I. INTRODUCTION

Mark L. Neff respectfully requests the Court to reduce his term of imprisonment pursuant to 18 U.S.C. §3582(c)(2), which authorizes a defendant to move for a reduction of his sentence when a subsequent amendment to the Sentencing Guidelines lowers his relevant sentencing range and the reduction is consistent with the policies of the Sentencing Commission. After the district court sentenced Mr. Neff to 252 months under the 1991 Sentencing Guidelines, the Sentencing Commission subsequently adopted Amendment 706, which amended, inter alia, Chapter Four's criminal history guideline, §4A1.2, pursuant to 18 U.S.C. §994(o).

This Court should reduce Mr. Neffs' term of imprisonment because his sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and reducing his sentence is consistent with the applicable Sentencing Guidelines policy statements.

## II. BACKGROUND

In June 1991, Mark L. Neff was indicted and convicted for the alleged offense of 18 U.S.C. §922(g)(1) and sentenced pursuant to 18 U.S.C. §924(e)(1).

Pursuant to the Presentence Report ("PSR"), the base offense level was set at 33 under §4B1.4(b)(3)(B). PSR at 6, ¶26. Taken in conjunction with the criminal history category of V, the guideline imprisonment range for his offense was 210 to 262 months. Id. at 17, ¶63. The PSR determined Mr. Neff was eligible for enhancement under 18 U.S.C. §924(e)(1) by way of having at least three prior felony convictions. Id. at 6, ¶26.

The relevant prior convictions relied upon for the enhancement under §924(e)(1) are:

1. Residential Burglary (2 Counts), GREENE CO., IL, Case No. 84-CF-25, Id. at 10, ¶34;

2. Att. Burglary (3 Counts), ERIE CO. NY, Case No. 88-0358-001, Id. at 11, ¶35.

The PSR stated that the Illinois conviction could count as two separate convictions for enhancement purposes and coupled with the New York conviction, made three prior convictions eligible for enhancement purposes. Id. at 6, ¶26.

The district court adopted the PSR's findings, and accordingly enhanced the base level from 14 to 33, and imposed a term of imprisonment for 252 months pursuant to the 1991 Guidelines Manual.

Mr. Neff now asks this Court to reduce his sentence in light of a subsequent amendment to the Sentencing Guidelines.

### III.   ARGUMENT

Section 3582(c)(2) of Title 18 authorizes a defendant to move for a reduction of his sentence when a subsequent amendment to the Sentencing Guidelines lowers his relevant sentencing range, and the reduction is consistent with the policies of the Sentencing Commission. 18 USC §3582(c)(2).

2

In Mr.Neff's case,the §3582(c)(2) criteria are satisfied: (1) his sentencing range has been lowered by the Sentencing Commission's amending §4A1.2 pursuant to 28 U.S.C.§994(o); and (2) taking into account the relevant §3553(a) factors,reducing his sentence is consistent with the applicable policy statements issued by the Sentencing Commission.

### A. AMENDMENT 706 LOWERS THE SENTENCING RANGE.

The Sentencing Commission adopted Amendment 706,effective Mar.3,2008, which modifies section 4A1.2 governing prior sentences,and states in part:

> "(2) If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e.,the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest,prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence. See also §4A1.1(f).

Amendment 706,Part 12 (eff.Mar.3,2008).

The Sentencing Commission voted to include this amendment,on Dec. 11,2007,in §1B1.10(c) for retroactive effect effectively on March 3, 2008.and that is why it is not in §1B1.10(c) of the Nov.1,2007 USSG.

Amendment 706 provides,inter alia,at Part 12,that prior sentences are to be determined under the amended §4A1.2 as a "single" or "separate" sentence.

Mr.Neff's two prior state convictions fall within the amended §4A1.2 (A) and (B) classification of a "single" sentence because both convictions were the result of (1) being charged in the same charging instrument and (2) was sentenced on the same day. Each prior conviction

3

would be determined as a "single" sentence and assigned 3 points under §4A1.1(a). They each would count as a single sentence for enhancement purposes under §4B1.1 and §4B1.2. See United States v Garecht,183 F.3d 671(7th Cir.1999). By this determination,the base offense level would fall at 14. The Illinois conviction would be assigned an additional 3 points under §4A1.1(f) and the New York conviction would be assigned an additional 2 points under §4A1.1(f). These additional points would move Mr.Neffs' criminal history to VI from V. The amended base offense level would now be 14 with a criminal history category of VI. This would place the relevant sentencing guideline range at 37 to 46 months.

Mr.Neff was sentenced under §924(e)(1) due to the PSR claiming Mr. Neff had three prior felony convictions. Under Amendment 706,Part 12, Mr.Neff would have two prior felony sentences eligible for enhancement purposes. Since §924(e)(1)requires three,Mr.Neffs' sentencing range has been lowered because he does not have the required three felony sentences to trigger the enhancement.

    B.   Reducing Mr.Neffs' Sentence Is Consistent with the Applicable Sentencing Commission's Policy Statement and the §3553(a) Factors.

Under §3582,after establishing that a subsequent amendment reduces the term of imprisonment,the court is then to consider whether such a reduction is consistent with the applicable policy statement,and any relevant §3553(a) factors.

The relevant Sentencing Commission policy statement here is found in U.S.S.G.§1B1.10(a),which provides that a §3582(c) reduction in a defendant's term of imprisonment is authorized if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)."

Because Amendment 706,Part 12,was voted to be inducted into §1B1.10

(c), effective Mar. 3, 2008, reducing Mr. Neffs' sentence is consistent with the policy statement. In addition to considering the policy statement, §3582(c) provides that the Court should also consider "the factors set forth in section 3553(a) to the extent that they are applicable."

## IV. CONCLUSION

Reducing Mr. Neffs' sentence is authorized by §3582(c)(2), in accord with the factors listed in §3553(a), and consistent with the applicable Sentencing Commission's policy statement. Because Mr. Neffs' sentence was calculated with a criminal history determination now rendered invalid by Amendment 706, this Court should resentence Mr. Neff to a reduced prison term. Mr. Neff therefore respectfully requests that the Court reduce his term of imprisonment.

DATED this 20th day of March, 2008.

By: _/s/ Mark L. Neff_
Mark L. Neff, Pro-Se.

### PROOF OF SERVICE

I certify that on March 20, 2008, a true and correct copy of the foregoing document was served, via First Class Mail, on:

PATRICK J. CHESLEY, AUSA
318 South Sixth St.
Springfield, IL 62701

_/s/ Mark L. Neff_
Mark L. Neff

5