E-FILED
Friday, 11 April, 2008  12:18:24 PM
Clerk, U.S. District Court, ILCD

FILED
APR 11 2008
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Mark L. Neff
09244-026
P.O. Box 33
Terre Haute, IN 47808

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

UNITED STATES OF AMERICA, )
       Plaintiff, )
                   )
v.                 )   CASE NO.: 91-30043
                   )
MARK L. NEFF, )
       Defendant. )

---

**MOTION FOR LEAVE TO FILE AMENDED MOTION UNDER
18 U.S.C. §3582**

---

TO THE HONORABLE COURT:

   Mark L. Neff filed his Section 3582 motion citing Amendment 706, Part 12 as an amendment to §4A1.2 that, if applied, would cause a reduction to his term of imprisonment and cited §1B1.10(c) as the applicable policy statement authorizing this Court to reduce the term of imprisonment. The Court appointed Mr. Jonathan Hawley for representation on 3/24/08.

   The Government filed its motion in opposition to said motion and claimed that "the language he qoutes in his motion comes from Amendment 709 not 706." Govt.Resp. p.2, ¶2.

   This request to amend the motion is warranted. If in fact Part 12 has been assigned as Amendment 709, Mr. Neff would ask this Court to strike all references to Amendment 706 and policy statement 1B1.10(c) as authorities authorizing this Court to reduce Mr. Neffs' term of

imprisonment and instead insert in place of them Amendment 709 and policy statement §1B1.11(b)(2),which states:

> "if a court applies an earlier edition of the Guidelines Manual,the court shall consider subsequent amendments,to the extent that such amendments are clarifying rather than substantive changes."

Amendment 709 did not make a substantive change to §4A1.2,rather, it clarified the Sentencing Commissions' intent. See <u>United States v Fiala</u>,929 F.2d 285,290(7th Cir.1991); cf. USSG §1B1.11(b)(2)(likewise requiring sentencing court to apply all pre-sentencing amendments which clarify an ealier guideline provision). "Such an amendment changes nothing concerning the legal effect of the guidelines,but merely clarifies what the Commission deems the guidelines to have already meant." <u>United States v Smaw</u>,306 U.S.App.D.C.21,22 F.3d 330,333(D.C. Cir.1994).

Amendment 709 merely clarified how §4A1.2 is/was to be applied. This amendment was promulgated because of the confusion the term "related cases" has caused throughout the circuits.

The Sentencing Commission stated its reasoning on the need to amend §4A1.2 by stating the following:

> "Reason for amendment:...First,the amendment addresses the counting of multiple prior sentences. The Commission has heard from a number of practitioners throughout the criminal justice system that the "related cases" rules at subsection (a)(2) of §4A1.2[ ] and App.Note 3 of §4A1.2 are too complex and lead to confusion. Moreover,a significant amount of litigation has arisen concerning application of the rules,and circuit conflicts have developed over the meaning of terms in the commentary that define when prior sentences may be considered "related"."

> "The amendment simplifies the rules for counting multiple prior sentences and promotes consistency in the application of the guideline."

Amendment 709[?](eff.Nov.1,2007).

This amendment did not change the legal effect of the guideline,

2

rather, it clarified the intent of the Commissions' classification of prior sentences under §§4A1.1(a),(b),(c). Because of the intercircuit confusion, the Commission saw the need to clarify the operation of this guideline through Amendment 709. The Seventh Circuit has held that §4A1.2 is a relevant guideline for application of §§4B1.1 and 4B1.2. See <u>United States v Garecht</u>,183 F.3d 671(7th Cir.1999).

### A. The Court Is Requested To Determine Whether Amendment 709 is Clarifying or Substantive.

Mr.Neff requests this Court to determine whether Amendment 709 is clarifying or substantive in nature pursuant to policy statement §1B1.11(b)(2). Since the 1991 USSG Manual was used to impose the sentence under §4B1.4(b)(3)(B), this is a subsequent amendment adopted by the Commission that addresses §4A1.2 and App.Note 3, Section 1B1.11(b)(2) authorizes this Court to make that determination. If this Court does determine that this amendment is clarifying the guideline, then Mr.Neff requests this Court to reduce his term of imprisonment. The Sixth Circuit held in <u>Jones v United States</u>,161 F.3d 397, that:

> "A petitioner is entitled to the advantage of receiving the sentence he would have had the Commission initially drafted an unambigiuos provisin. It is unfair to punish a defendant for the Commission's lack of clarity, especially when the Commission acknowledges and corrects the ambiguity." Id.at 403.

### B. Reducing the Term of Imprisonment would be Consistent With the Goals Set By the Sentencing Reform Act.

28 U.S.C.§991(b)(1)(B) promotes that the courts should impose sentences in accord with the Sentencing Reform Act's goal of sentencing defendants consistently using the Guidelines. All defendants are now to have their prior sentences determined in accord with the amended §4A1.2(a)(2)(A) and (B). To promote consistency, Mr.Neff requests this Court to make a determination whether Amendment 709 clarifies §4A1.2

3

and,if so,reduce his term of imprisonment accordingly. Reducing Mr. Neffs' sentence would be consistent with the policy statement found at §1B1.11(b)(2). In addition to considering the policy statement, §3582(c) provides that the Court should also consider "the factors set forth in section 3553(a) to the extent that they are applicable."

## CONCLUSION

Reducing Mr.Neffs' sentence would be authorized by §3582(c),in accord with the factors listed in §3553(a),and consistent with the applicable policy statement. Because Mr.Neffs' sentence was calculated with a criminal history now rendered invalid by Amendment 709,This Court should resentence Mr.Neff to promote consitency witht the goals of the Sentencing Reform Act. Mr.Neff therefore respectfully requests this Court to find that Amendment 709 is clarifying and reduce his term of imprisonment.

DATED this ___ day of April,2008.                    By: _____
                                                         Mark L. Neff, Pro-Se.


## PROOF OF SERVICE

I CERTIFY that on April 8,2008,a true and correct copy of the foregoing document was served,via First Class Mail,on:

PATRICK J.CHESLEY
318 South Sixth St.
Springfield,IL 62701

JONATHAN E.HAWLEY
First Asst.Fed.Pub.Def.
FEDERAL PUBLIC DEFENDER'S OFFICE
401 Main St.,Suite 1500
Peoria,IL 61602

_____
Mark L.Neff

4

Mr. Johnnie F. Flournoy, Jr
Reg No. B-61265
Stateville Correctional Center
P.O. Box 112
Joliet, IL 60434

April 4, 2008

United States District Court
Central District of Illinois
OFFICE OF THE CLERK
Federal Building, Room 308
100 N.E. Monroe
Peoria, IL 61602



Re: Flournoy vs. Schomig, et al
    Case No. 02-1231
(subject)- subpoenas

Dear Clerk

In the above caPtion case I will require six subpoenas to be issued to witnesses on my behalf that all live in Chicago. Can you please advise me how much money I must depoit with your office so these subpoenas can be issued?? And any information I may need to know about subpoenas and service on said witnesses??

Thank You!

Respectfully,

Johnnie F. flournoy, Jr