E-FILED
Thursday, 03 July, 2008  02:27:09 PM
Clerk, U.S. District Court, ILCD

MARK L. NEFF
09244-026
P.O. Box 33
Terre Haute, IN 47808

FILED
JUL - 3 2008
PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>         Plaintiff,  )<br>                    )<br>v.                        )<br>                    )<br>MARK L. NEFF,         )<br>         DEFENDANT.  ) | CASE NO. 91-30043<br><br>MOTION TO DETERMINE IF AMENDMENT 709 IS CLARIFYING OR SUBSTANTIVE PURSUANT TO USSG §1B1.11(b)(2) and 18 USC §3582(a), (c)(2) |

Mark L. Neff respectfully requests this Court to determine whether Amendment 709, eff. Nov. 1, 2007, is clarifying or substantive to the USSG §4A1.2 pursuant to USSG §1B1.11(b)(2) and 18 USC §3582(a),(c)(2).

After the district court sentenced NEFF to 252 months under the 1991 USSG Manual, the Sentencing Commission subsequently adopted Amendment 709, which amended Chapter Four's Criminal History Guideline, §4A1.2, pursuant to 18 USC §994(o).

NEFF requests the Court to determine whether Amendment 709 clarifies or makes a substantive change to the guideline. If the Court dertermines that this guideline amendment clarifies, then the Court apply this amendment to determine his criminal history and modify the term of imprisonment accordingly.

## II. BACKGROUND

In June of 1991, NEFF was indicted and convicted for the offense of 18 USC§ 922(g)(1) and sentenced pursuant to 18 USC§924(e)(1).

The Presentence Report ("PSR") set the Base Offense Level at 33 pursuant to §4B1.4(b)(3)(B). PSR at 6, ¶26. Taken in conjunction with the PSR's criminal history determination of V, the guideline range was 210-262 months. Id. at 17, ¶63. The PSR



determined that NEFF was eligible for enhancement under 18 USC §924(e)(1). Id. at 6,¶26.

The relevant prior state convictions relied on for the enhancement under 18 USC §924(e)(1) are:

1. Residential Burglary (2 Counts),GREENE COUNTY,IL,Case No.84-CF-25. Id. at 10,¶34;
2. Att.Burglary (3 Counts),ERIE COUNTY,NY,Case No.88-0358-001. Id.at 11, ¶35.

The PSR separated the GREENE COUNTY,IL conviction claiming that it could count as two (2) separate convictions,despite assigning a total of 3 points to it under §4A1.1(a). Id. at 10,¶34,80. SEE Exhibit 1. Merging the GREENE COUNTY,IL conviction with the ERIE COUNTY,NY conviction,the PSR held that NEFF was eligible for enhancement under §4B1.4(b)(3)(B) and §924(e)(1).

The district court adopted the PSR's findings and enhanced NEFF's Base Offense Level from 14 to 33 and adopting the criminal history category of V,sentenced NEFF to 252 months of imprisonment pursuant to the 1991 USSG Manual despite the PSR citing the 1990 USSG MAnual by NEFF being indicted on June 20,1991.

NEFF now requests this Court to determine whether Amendment 709 clarified or made a substantive change to USSG §4A1.2 pursuant to USSG §1B1.11(b)(2),and if it's determined that it clarified the guideline,that the term of imprisonment be modified because the criminal history category would be different than determined prior to Amendment 709's adoption and enactment under 18 USC §3582(a),(c)(2).

### III. ARGUMENT

Section 3582(a),(c)(2) authorizes a defendant to move a court for a reduction of his sentence when a subsequent amendment to the guidelines lowers his relevant sentencing range and the reduction is consistent with the policies of the Sentencing Commission. SEE USSG §1B1.11(b)(2); 18 USC §3582(a),(c)(2).

#### A. AMENDMENT 709--CLARIFYING OR SUBSTANTIVE

The Sentencing Commission adopted Amendment 709,eff.Nov.1,2007,which modified

2

USSG §4A1.2 governing prior sentence determinations. This amendment clarified the operation of this guideline when instructing how to apply it towards prior convictions for the determination of a defendant's criminal history category. SEE Reason for Amendment, Amendment 709.

Section 4A1.2(a)(2) currently states that sentences are classified as separate if they were imposed for crimes that were separated by an intervening arrest. SEE **United States v Guerrier**, 2008 U.S. App. LEXIS 400(feb.22,2008)(11th Cir.2008) ( We can consider this clarifying amendment in reviewing Guerrier's sentence.) The 11th Circuit recognized Amendment 709 as a clarifying amendment to §4A1.2 and went on to apply the guideline as the Sentencing Commission intended it to apply.

NEFF urges this Court to agree with the 11th Circuit's determination that Amendment 709 clarifies the operation of §4A1.2 under the provision of USSG §1B1.11(b)(2)(court should consider guideline amendments made subsequent to defendants' offense "to the extent that such amendments are clarifying rather than substantive changes"); SEE also, e.g., **US v Hartz**, 296 F.3d 595,598-99(7th Cir.2002); **US v Minneman**, 143 F.3d 274,282(7th Cir.1998),cert.denied,526 US 1006,143 L.Ed.2d 212,119 S.Ct.1445 (1999).

Under the revised guideline, NEFF's prior ILLINOIS conviction would count as one (1) sentence under §4A1.2 and would be assigned a total of 4 points. SEE §4A1.1(a),(f). This would be based on (1) the 2 Counts being charged in the same charging instrument and (2) because NEFF was sentenced on the same day under a Consolidation Order. SEE Exhibit 2. This conviction would count as one (1) sentence for enhancement purposes under §§ 4B1.1 and 4B1.2. SEE **US v Garecht**,183 F.3d 671(7th Cir.1999). The ERIE COUNTY,NY conviction would count as a single sentence under the revised amendment also and,as a result,NEFF would have only two (2) sentences. Since §924(e)(1) requires three (3),the enhancement would not be triggered in NEFF's case.

    B.    DETERMINING AMENDMENT 709 CLARIFIES WOULD LOWER THE SENTENCING RANGE

3

If the Court determines that Amendment 709 is clarifying the operation of §4A1.2, the reduction of NEFF's imprisonment range would be consistent with the applicable Sentencing Commission Policy Statement found at USSG §1B1.11(b)(2).

A modification of the sentence would authorized under 18 USC§3582(a),(c)(2). 28 USC §991(b)(1)(B) promotes that courts should impose sentences in accord with the Sentencing Reform Act's goal of sentencing defendants consistently using the guidelines. All defendants are now to have their criminal history determined in accord with §4A1.2(a)(2)(A)(B). To promote consistency, NEFF requests this Court to determined that Amendment 709 clarifies §4A1.2 and apply the guideline accordingly to determine NEFF's criminal history category.

## CONCLUSION

NEFF urges this Court to determine that Amendment 709 clarifies the operation of §4A1.2 and apply it to determine his criminal history.

DATED this 20th day of June, 2008.    By: /s/ Mark L. Neff
                                          Mark L. Neff

## PROOF OF SERVICE

I certify that on June 20th, 2008, a copy of the foregoing was served, first class mail, on:

PATRICK J. CHESLEY, AUSA
318 South Sixth St.
Springfield, IL 62701

Re: NEFF, Mark L.

this offense. Therefore, the two-point adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 is not warranted.

**Offense Level Computation**

17. The 1990 edition of the <u>Guidelines Manual</u> has been used in this case.

18. **Base Offense Level:** The guideline for an 18 U.S.C. § 922(g)(1) offense is found at U.S.S.G. § 2K2.1(a)(2), which provides for a base offense level of 12.   12

19. **Specific Offense Characteristic:** Pursuant to U.S.S.G. § 2K2.1(b)(2), if the firearm was stolen or had an altered or obliterated serial number, increase by two levels. The firearm in this case had an obliterated serial number; therefore, the offense level is increased by two levels.   +2

20. **Victim-Related Adjustments:** There is no victim in the instant offense as defined in U.S.S.G. § 3A. Therefore, no adjustment applies.   0

21. **Adjustment for Role in the Offense:** There is no role adjustment in the instant offense as defined in U.S.S.G. § 3B. Therefore, no adjustment applies.   0

22. **Adjustment for Obstruction of Justice:** No adjustments apply under U.S.S.G. § 3C.   0

23. **Adjusted Offense Level** (Subtotal):   14

24. **Adjustment for Acceptance of Responsibility:** The defendant has not demonstrated an affirmative acceptance of responsibility or recognition of personal responsibility for his criminal conduct; therefore, he is not given a two-level reduction pursuant to U.S.S.G. § 3E1.1.   0

25. **Total Offense Level:**   14

26. **Chapter Four Enhancements:** Since the defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e)(1) by way of having at least three prior felony convictions, he is an armed career criminal pursuant to U.S.S.G. § 4B1.4(a). That section provides for an offense level of 33, pursuant to U.S.S.G. § 4B1.4(b)(3)(B).   33

27. **Total Offense Level After Enhancements:**   33

6

Exhibit **1**

IN THE CIRCUIT COURT

SEVENTH JUDICIAL CIRCUIT

MORGAN COUNTY, ILLINOIS

FILED JUL 19 1984
V. Lunie Brennan
CLERK OF THE CIRCUIT COURT
SEVENTH JUDICIAL CIRCUIT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff. | ) ) ) |
| vs. | ) No. 84-CF-40 |
| MARK NEFF, Defendant. | ) ) ) |

FILED JUL 18 1984
Joe Casey
Clerk of Circuit Court
Morgan County, Illinois

O R D E R

On July 16, 1984, a regular judicial day of this court, the defendant personally appeared in Morgan County, Illinois Circuit Court with his attorney, William Schildman, and the Court finds the following:

1. The defendant is charged in Greene County, Illinois Circuit Court, case number 84-CF-25, with the offense of Residential Burglary.

2. The defendant is charged in Shelby County, Illinois Circuit Court, case number 84-CF-13, with the offense of Theft Over $300.00.

3. The defendant is charged in Morgan County, Illinois Circuit Court, case number 84-CF-40, with the offense of Theft Over $300.00.

4. The State's Attorney of Morgan County, Illinois has conferred with the prosecuting authorities in the two aforementioned counties, and all three authorities are in agreement that the defendant may plead guilty to all pending charges in the Morgan County Circuit Court.

5. The defendant and his attorney also consent to entering pleas of guilty to the offenses from all three counties in Morgan County Circuit Court.

6. Wherefore, Morgan County Circuit Court ORDERS the Clerks of the Circuit Courts of Greene County and Shelby County to immediately forward certified copies of the aforementioned files to the Circuit Clerk of Morgan County pursuant to

EXHIBIT "2"

Illinois Revised Statutes, 1983, Chapter 38, Section 1005-4-2 (b).

ENTERED: July 18, 1984

J. DAVID BONE
Associate Circuit Judge

FILED
JUL 18 1984

Clerk of Circuit Court
Morgan County, Illinois